No. 04-98-00040-CR



Josie AMEZCUA,


Appellant



v.



The STATE of Texas,


Appellee



From the 63rd Judicial District Court, Val Verde County, Texas


Trial Court No. 5969


Honorable George M. Thurman, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Karen Angelini, Justice


Delivered and Filed: July 15, 1998


AFFIRMED


Nature of the Case


 This is an appeal from a probation revocation. Appellant, Josie Amezcua, complains that the
trial court abused its discretion in revoking her probation and sentencing her to five years
imprisonment after she failed to make court-ordered restitution. We affirm the judgment.


Factual Background


 In 1988, Amezcua pleaded nolo contendere to aggravated theft. Adjudication was deferred;
Amezcua was placed on community service for four years and ordered to pay $25,130.55 to Sacred
Heart Academy, in monthly payments of $523.55. In 1992, the State moved to modify the probated
sentence, based on Amezcua's failure to pay. Amezcua pleaded true, and the court continued
Amezcua's probation for ten years. In addition, the amount due and owing was modified to
$22,730.55. Monthly installments were now $320 per month, and Amezcua had until 1998 to pay
her debt.

 In 1997, the State filed a Motion to Adjudicate Guilt and Impose Sentence, based on
Amezcua's continued failure to pay her debt. Amezcua pleaded not true and alleged inability to pay.

The State called one witness, Amezcua's probation officer. Amezcua testified in her defense. At
the conclusion of testimony, the court adjudicated guilt, revoked probation, and sentenced Amezcua
to five years imprisonment.

Standard of Review


 When the State moves to revoke a defendant's probation, and failure to pay restitution is the

only grounds for revocation, the defendant may raise the affirmative defense of inability to pay.
Tex. Code Crim. Proc. Ann. art. 42.12 § 21(c) (Vernon Supp. 1998). The probationer bears the
burden of proving his inability to pay by a preponderance of the evidence. Stanfield v. State, 718
S.W.2d 734, 737 (Tex. Crim. App. 1986). Once the defendant discharges this duty, the State must
prove, by a preponderance of the evidence, that the defendant's failure to pay was intentional. Id.
at 738. Ability to pay is a factor relevant to the question of intent. Id.

 In reviewing a trial court's decision to revoke probation, we must consider all the evidence
in a light most favorable to the decision and determine whether the trial court abused its discretion,
or whether any rational trier of fact could have found that the defendant failed to prove his inability
to pay by a preponderance of the evidence. Jackson v. State, 915 S.W.2d 104, 106 (Tex. App.--San
Antonio 1996, no pet.). The trial judge is the sole trier of the facts, the credibility of the evidence,
and the weight of the evidence presented. Id. at 105.

Discussion


 The trial judge heard testimony from Yolanda Banks, Amezcua's probation officer, and from
Amezcua. Considered in a light most favorable to the verdict, that evidence showed that Amezcua
and her husband were raising five children throughout her probation period; two of those children
are now in college. Amezcua's husband worked for most of the probationary period; he was
apparently without work for about two years. Amezcua held at least three jobs during the
probationary period, including a job as a clerk at Dillard's and a minimum-wage job in an
import/export business. Amezcua was able-bodied for most of the ten years, although she apparently
suffered a lengthy illness that resulted in surgery and subsequent complications. The probation
officer believed Amezcua's husband had a wealthy family and that the family had given Amezcua
money with which to pay her debt. In ten years, Amezcua paid only $629 dollars on the debt. In
1994, after meeting with her probation officer, Amezcua agreed to pay $50 per week on the debt,
and while she did make some payments, she did not fully keep her agreement.

 Amezcua testified that she had little luck in finding employment, because she had been
convicted of aggravated theft. During the ten-year period, her son had been in a major traffic
accident and she had had a complete hysterectomy. In addition, a young son had asthma. Several
times during the probationary period, she testified, her lights and water were cut off because of an
inability to pay the bills.

 Viewed in a light most favorable to the verdict, we cannot say that the judge abused his
discretion in finding that Amezcua did not prove, by a preponderance of the evidence, an inability
to pay. While her testimony is some evidence of severe difficulties throughout the probationary
period, there is no corroborating evidence to support her claims. See Jones v. State, 589 S.W.2d 419,
421 (Tex. Crim. App. 1979) (finding, where only evidence supporting claim of inability to pay was
probationer's testimony, that trial court did not abuse its discretion in revoking probation). Missing
are accounts of her monthly income and expenses, documentation supporting her claim of illness and
showing for how long she was ill, and proof of genuine attempts to get jobs. Without such evidence,
we are left with mere assertions of inability. See id. (finding only evidence of inability were
probationer's "vague references"). These assertions are countered by Amezcua's concessions that
she is healthy, that her husband worked for eight of the ten years she was on probation, and that she
held three jobs during that time period.(1)

 Further, we find that the State has met its burden in showing that Amezcua's failure to pay
was intentional. See Jackson, 915 S.W.2d at 107 (when defense of inability to pay is raised, State
must prove, by preponderance of evidence, that failure to pay was intentional). Even if Amezcua
had not been able to meet the monthly obligations as ordered, her probation officer had offered to
work with her on those payments. Amezcua promised to send $50 per week, which amounted to
$120 less per month than she was ordered to send. She did not do so. Worse, Amezcua apparently
made no good-faith effort to send what she could, made no request for leniency during the times
when, according to her testimony, she could have used leniency, and made no explanation for her
repeated failure to make payments. See Jones, 589 S.W.2d at 421 (finding that probationer could
have "made some partial payment or at least made a good faith gesture toward paying" restitution).
A trial court is allowed to consider circumstantial evidence to infer intent. Jackson, 915 S.W.2d at
107. Here, the fact that Amezcua paid only $629 dollars in ten years, in spite of the fact that she held
employment for some of that time, with no explanation as to why more money was not forthcoming,
is enough to infer that she intentionally did not pay her debt. See id.

Conclusion


 A trial judge has broad discretion in determining whether to revoke probation and must be
the sole judge of the credibility of the witnesses before him. We cannot say, under an abuse of
discretion standard, that no rational finder of fact could have found that Amezcua failed to prove
inability to pay by a preponderance of the evidence. We therefore affirm the judgment.


 Phil Hardberger, Chief Justice

PUBLISH

1. We do not believe, as the State suggests, that Amezcua's owning a used car or dressing professionally proves
her ability to pay or her intent not to pay. The State's argument, taken to its logical conclusion, is that Amezcua should
forgo transportation and personal grooming and yet still get a job that would enable her to make a substantial monthly
payment. We are not prepared to put probationers to such a test. Cf. Friedl v. State, 773 S.W.2d 72, 74 (Tex.
App.--Houston [1st Dist.] 1989, no pet.) (probationer's testimony that his wife stayed home with their child, that he
was financing a home and two cars, and that he earned only $36,000 supported a finding that he was unable to make
monthly payments).


Return to
4th Court of Appeals Opinions