NUMBER 13-99-019-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


RUSSELL TODD BRIGHT, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 156th District Court of Bee County,

Texas.

____________________________________________________________________


O P I N I O N



Before Chief Justice Seerden and Justices Hinojosa and

Yañez

Opinion by Justice Yañez



 This is an appeal from a revocation of community supervision. By
three issues, appellant Russell Todd Bright contends the trial court
abused its discretion in revoking his community supervision because:
(1) there was no evidence he violated the terms of his community
supervision by failing to pay court costs; (2) he proved his affirmative
defense of inability to pay court costs, supervision fees, and restitution;
and (3) he was denied effective assistance of counsel at his revocation
hearing. We affirm. 

 On November 18, 1996, appellant pleaded nolo contendere to the
offense of intoxication assault(1) and was placed on ten years community
supervision.(2) The conditions of community supervision included that
he make monthly payments to his community supervision officer for
restitution,(3) a statutory supervisory fee, and court costs.(4) The
supervisory fee was forty dollars per month, with payments to begin
January 1, 1997. Appellant was also required to submit to treatment
at the Substance Abuse Felony Punishment Facility (SAFPF). He
completed treatment at the facility in November 1997 and in December
1997, obtained employment as a construction worker, making twelve
dollars per hour. 

 On May 1, 1998, he suffered a work-related injury and was unable
to continue working. He began collecting workers' compensation
benefits in June.(5) On September 24, 1998, the State filed a motion to
revoke community supervision, alleging appellant violated the terms of
his community supervision by intentionally and knowingly failing to
pay: (1) the supervisory fee for February, 1998 and April through
December, 1998; (2) court costs of $1,379 at a rate of twenty-five
dollars monthly for January through September 1998; and (3)
restitution in the amount of $47,000 at the rate of four hundred dollars
monthly for January through September 1998. At the time of filing of
the motion, the State alleged appellant was in arrears $240 in
supervisory fees, $225 in court costs, and $3,600 in restitution. 
Following a hearing on November 12, 1998, the court revoked
appellant's community supervision and sentenced him to ten years of
confinement in the Texas Department of Criminal Justice-Institutional
Division. At the time of revocation, appellant had paid only $130
toward his court-ordered financial obligations. Of this amount, $120
was credited to fees and $10 toward court costs. The judgment based
the revocation on appellant's failure to pay supervisory fees, court costs,
and restitution. 

 In revocation proceedings, the trial court is the sole trier of facts,
the judge of the credibility of the witnesses, and the weight to be given
the testimony. Taylor v. State, 604 S.W.2d 175, 179 (Tex. Crim. App.
1980); Jackson v. State, 915 S.W.2d 104, 105 (Tex. App.--San Antonio
1996, no pet.). It is the trial court's duty to determine whether the
allegations in the revocation motion are true. Langford v. State, 578
S.W.2d 737, 739 (Tex. Crim. App. 1979). The State's burden of proof
in a revocation proceeding is by a preponderance of evidence. Cobb v.
State, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993); Herrera v. State,
951 S.W.2d 197, 199 (Tex. App.--Corpus Christi 1997, no pet.). 
Probation may be revoked upon a finding that a defendant has violated
the terms and conditions of community supervision. Herrera, 951
S.W.2d at 199. An appellate court is limited to reviewing whether the
trial court abused its discretion in revoking community supervision. Id. 
The reviewing court must view the evidence presented at the revocation
hearing in the light most favorable to the trial court's ruling. Garrett v.
State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). Proof of any one
alleged violation is sufficient to support an order revoking probation. 
O'Neal v. State, 623 S.W.2d 660, 661 (Tex. Crim. App. 1981); Sanchez
v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. 1980); Herrera, 951
S.W.2d at 199. 

 By his first issue, appellant contends there is no evidence he was
required to pay court costs in the manner alleged in the State's motion. 
The conditions of appellant's community supervision reflect he was
required to pay court costs in an amount "to be determined."(6) The
State concedes that the condition of community supervision requiring
payment of court costs is too vague to be enforced. We sustain
appellant's first issue.

 By his second issue, appellant claims the trial court erred in
revoking his community supervision because he was financially unable
to pay the court-ordered fees, court costs, and restitution. Although it
concedes appellant established inability to pay restitution at the rate
ordered by the court, the State nonetheless argues appellant was
financially able to pay the supervisory fee of $40 per month, and that
his failure to do so was thus intentional.

 Inability to pay costs, fees, or other monetary obligations imposed
pursuant to community supervision is an affirmative defense to
revocation based on failure to pay, which a defendant must raise and
prove by a preponderance of the evidence. See Tex. Code Crim. Proc.
Ann. art. 42.12, § 21(c) (Vernon Supp. 2000); Hill v. State, 719 S.W.2d
199, 201 (Tex. Crim. App. 1986); Reyes v. State, 752 S.W.2d 591, 592
(Tex. App.--Corpus Christi 1987, no pet.). The State then has the
burden of proving an alleged failure to pay was intentional. Stanfield v.
State, 718 S.W.2d 734, 738 (Tex. Crim. App. 1986). However, the
State has this burden even if a probationer fails to raise the issue of
inability to pay as an affirmative defense. Ortega v. State, 860 S.W.2d
561, 567 (Tex. App.--Austin 1993, no pet.). Facts and circumstances
attending a given act or omission may reveal intent. Stanfield, 718
S.W.2d at 738. One who has the ability to pay that which he is
required to pay but does not, without more, leaves a factfinder with a
strong inference that his failure to pay is intentional. Hill, 719 S.W.2d
at 201. When the trial court finds that a defendant had the ability to
pay and his failure was intentional, the reviewing court must view the
evidence in the light most favorable to the ruling. Jones v. State, 589
S.W.2d 419, 421 (Tex. Crim. App. 1979).

 Appellant testified he was unable to work during his nine-month
treatment for substance abuse. He testified that between mid-December 1997, when he began working, and March 1998, he earned
approximately $4,648 in wages. He also testified his living expenses
totaled $4,841 during this period. The record also reflects appellant
received $5,034.96 in workers' compensation temporary income
benefits between May 1, 1998, when he sustained a work-related
injury, and October 4, 1998. He testified that during this period, his
living expenses totaled $4,950. 

 A community supervision officer testified that over this entire
period, appellant made only two payments, each in the amount of $65,
toward his court-ordered obligations: one in January and a second in
March 1998. The State alleged appellant intentionally failed to pay the
supervisory fee in February 1998 and April through September 1998. 
Appellant also testified he had received approximately $2300 in loan
and grant monies, which he used, in part, to enroll in college. In
support of his contention that he was unable to pay his court-ordered
obligations because his living expenses equaled or exceeded his
income, appellant submitted a handwritten "budget" detailing his 1998
living expenses. Appellant provided no corroboration of his testimony
concerning his living expenses. He submitted no receipts, canceled
checks, bank records, or other documentation corroborating his
assertion of inability to pay. 

 Where a defendant is alleged to have violated his community
supervision by failing to pay court-ordered financial obligations, a trial
court does not abuse its discretion in revoking community supervision
where a defendant provides "mere assertions of inability" to pay,
without corroboration or documentation in support of such claims. 
Amezcua v. State, 975 S.W.2d 688, 690 (Tex. App.--San Antonio 1998,
no pet.) (citing Jones v. State, 589 S.W.2d 419, 421 (Tex. Crim. App.
1979)).

 When inability to pay is raised, the State has the ultimate burden
of proving that failure to pay was intentional. Stanfield, 718 S.W.2d at
738. Appellate courts in Texas frequently look to whether the
defendant made partial payments or a good faith gesture toward paying
the debt. See Amezcua, 975 S.W.2d at 690-91; Duke v. State, 2
S.W.3d 512, 517 (Tex. App.--San Antonio 1999, no pet.). Although
appellant made two partial payments, the trial court was allowed to
consider circumstantial evidence to infer intent. See Amezcua, 975
S.W.2d at 690-91. 

 The State argues the trial court did not abuse its discretion in
revoking appellant's community supervision on the basis of his failure
to pay the $40 monthly supervisory fee. We agree. Considering the
evidence that appellant was employed, and received workers'
compensation benefits following his injury, and given appellant's failure
to produce any evidence documenting his living expenses, we find the
trial court did not abuse its discretion in determining that appellant
failed to establish inability to pay the supervisory fee payments by a
preponderance of the evidence. Moreover, because the evidence
showed appellant had the ability to pay the monthly supervisory fee,
but did not do so, the State established that appellant's failure to pay
was intentional. We sustain appellant's second issue insofar as it
relates to court costs and restitution, but overrule that portion of the
issue relating to inability to pay the supervisory fee.

 By his third issue, appellant contends he received ineffective
assistance of counsel at the revocation hearing, based on his counsel's
failure to object to "victim impact" testimony by James Edward Davis,
the victim injured as a result of the accident. Appellant contends Davis
testified before the court determined whether to continue community
supervision, and before punishment was assessed and sentence
pronounced, in violation of article 42.03 of the code of criminal
procedure. See Tex. Code Crim. Proc. Ann. art. 42.03 (Vernon Supp.
2000). Appellant argues his counsel should have objected to Davis's
testimony, and that the failure to do so thus constitutes ineffective
assistance of counsel.

 Appellant contends the standard for evaluating a claim of
ineffective assistance at the punishment phase of a non-capital trial is
the standard established in Ex Parte Duffy, 607 S.W.2d 507 (Tex. Crim.
App. 1980). The Duffy standard asks "first whether counsel was
reasonably likely to render effective assistance; and second, whether
counsel reasonably rendered effective assistance." See Craig v. State,
825 S.W.2d 128, 130 (Tex. Crim. App. 1992). However, the court of
criminal appeals reexamined the proper standard to be applied to claims
of ineffective assistance at the punishment phase in Hernandez v. State,
988 S.W.2d 770 (Tex. Crim. App. 1999). In Hernandez, the court
expressly overruled the application of the Duffy standard of review to
these complaints and determined that the proper test to be applied is
the now familiar two-prong test established in Strickland v.
Washington, 466 U.S. 668, 687 (1984). Hernandez, 988 S.W.2d at
772. 

 Under Strickland, a defendant seeking relief must demonstrate (1)
that counsel's performance failed to constitute reasonably effective
assistance by falling below an objective standard of reasonableness
under prevailing professional norms, and (2) that there is a reasonable
probability that, but for counsel's deficient performance, the result of the
proceeding would have been different. Strickland, 466 U.S. at 694;
Hernandez v. State, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986);
Washington v. State, 771 S.W.2d 537, 545 (Tex. Crim. App. 1989);
Lozada-Mendoza v. State, 951 S.W.2d 39, 42 (Tex. App.--Corpus Christi
1997, no pet.). A "reasonable probability" is defined as "a probability
sufficient to undermine confidence in the outcome." Strickland, 466
U.S. at 694; Ex parte Walker, 777 S.W.2d 427, 430 (Tex. Crim. App.
1989). Whether this standard has been met is to be judged by "the
totality of the representation." Ex parte Welborn, 785 S.W.2d 391, 393
(Tex. Crim. App. 1990). An ineffectiveness claim cannot be
demonstrated by isolating one portion of counsel's representation. 
McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), cert.
denied, 508 U.S. 963 (1993). Our review of counsel's performance
must be highly deferential. Strickland, 466 U.S. at 689; Garcia v. State,
887 S.W.2d 862, 880 (Tex. Crim. App. 1994). 

 The burden of proving ineffective assistance of counsel is on the
appellant and is one which requires proof by a preponderance of the
evidence. Stafford v. State, 813 S.W.2d 503, 506 n.1 (Tex. Crim. App.
1991); Moore v. State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985);
Cannon v. State, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984). An
allegation of ineffective assistance of counsel will be sustained only if
it is firmly founded and if the record affirmatively demonstrates
counsel's alleged ineffectiveness. Ex parte McWilliams, 634 S.W.2d
815, 819 (Tex. Crim. App. 1980). In determining whether trial counsel
rendered deficient performance, we employ a strong presumption that
counsel's conduct constitutes sound trial strategy. Strickland, 466 U.S.
at 689; Miniel v. State, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992).

 We now address appellant's argument that his counsel was
ineffective for failing to object to Davis's testimony because the
testimony was in violation of article 42.03 of the code of criminal
procedure. 

 Article 42.03, section 1(b) provides:

The court shall permit a victim, close relative of a deceased
victim, or guardian of a victim, as defined by Article 56.01 of
this code, to appear in person to present to the court and to
the defendant a statement of the person's views about the
offense, the defendant, and the effect of the offense on the
victim. The victim, relative, or guardian may not direct
questions to the defendant while making the statement. The
court reporter may not transcribe the statement. The
statement must be made:

 
(1) after punishment has been assessed and the court
has determined whether or not to grant community
supervision in the case; 
(2) after the court has announced the terms and
conditions of the sentence; and 
(3) after sentence is pronounced. 

 

Tex. Code Crim. Proc. Ann. art. 42.03, §1(b) (Vernon Supp. 2000).

 The State argues that when Davis testified, punishment had
already been assessed because appellant's ten-year sentence was
"assessed" when appellant initially entered his plea. The State cites no
authority in support of its interpretation of article 42.03 §1(b), and we
decline to embrace it. 

 The record reflects that at the conclusion of the revocation
hearing, the trial court found appellant violated the terms and
conditions of his community supervision as alleged. Then, the trial
court proceeded with the disposition phase of the hearing. Davis was
allowed to testify during the disposition phase, before the court
determined whether to continue appellant's community supervision,
and before the court pronounced sentence. After the court determined
that appellant violated the terms of his community supervision, it was
not bound, as the State seems to suggest, to sentence him to ten years'
confinement. Rather, the trial court could have continued or modified
appellant's community supervision, see Tex. Code Crim. Proc. Ann. art.
42.12, § 22 (Vernon Supp. 2000), and had authority to "dispose of the
case as if there had been no community supervision." See Tex. Code
Crim. Proc. Ann. art. 42.12, § 23(a) (Vernon Supp. 2000). We conclude
Davis's testimony(7) occurred prior to the court's determination of
whether to continue appellant's community supervision and prior to the
pronouncement of sentence.

 Appellant contends his counsel was ineffective because he failed
to object to Davis's testimony. In judging the first prong of the
Strickland test, we must determine whether, in light of all the
circumstances, the identified acts or omissions of counsel were outside
the wide range of professionally competent assistance. See Strickland,
466 U.S. at 690.

 Here, Davis testified he would like appellant to be sentenced to the
Texas Department of Corrections--Institutional Division, even though
confinement would preclude appellant from paying the $47,000 owed
Davis in restitution. Davis also testified he did not believe appellant had
ever intended to pay restitution. 

 After examining the entire record, we conclude counsel could have
reasonably believed that Davis's testimony was the kind of victim
impact evidence permitted at the punishment phase. See Brown v.
State, 875 S.W.2d 38, 40 (Tex. App.--Austin 1994, no pet.). A court
may admit as a circumstance of the offense evidence of the victim's
physical or emotional injury, so long as the fact finder may rationally
attribute moral culpability to the accused for that injury. Id. Moreover,
appellant testified that he felt "terrible" about the accident and that he
had previously expressed to Davis that he was "very sorry" for his
actions. A remorseful attitude was apparently part of appellant's
strategy at the punishment phase. We do not find counsel's strategy
in declining to object to Davis's testimony rendered his counsel
ineffective.

 Even if counsel's failure to object to Davis's testimony fell outside
the range of reasonable professional assistance, we conclude no
reasonable probability exists that the outcome would have been
different had counsel objected. Bill Wilson, a community supervision
officer, testified at the punishment phase that the State's 
recommendation was to sentence appellant to the Texas Department
of Criminal Justice-Institutional Division. Wilson also testified that
appellant was ineligible for placement in a community-based restitution
center. In addition, appellant's pre-sentence investigation report was
introduced into evidence. The report described appellant as a "repeat
felony offender" with a "chemically dependent profile." The report
noted appellant's "continued lack of compliance and continued
substance abuse," and recommended that the court revoke appellant's
community supervision and sentence him to prison. We conclude no
reasonable probability exists that the outcome would have been
different had appellant's counsel successfully objected to Davis's
testimony. Appellant's argument fails the second prong of Strickland. 
We overrule appellant's third issue. 

 We AFFIRM the judgment of the trial court. 


 ____________________________________

 LINDA REYNA YAÑEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.3.

Opinion delivered and filed this the

12th day of October, 2000.


1. See Tex. Pen. Code Ann. §49.07 (Vernon Supp. 2000). Appellant was the driver
of an automobile, which veered off Highway 59 and crashed into a pickup truck
parked at a gas station near Beeville, Texas. As a result of the impact, the owner of
the pickup, James Edward Davis, suffered severe injuries, including the loss of part
of one leg. 
2. Although not challenged on appeal, we observe that the instrument
denominated "Probation: Judgment - Plea of Guilty or Nolo Contendere - Probation"
does not comply with the strict requirements for a judgment because it does not
assess punishment. See Tex. Code Crim. Proc. Ann. art. 42.01, § 1, subd.10 (Vernon
Supp. 2000); Mendez v. State, 535 S.W.2d 365, 367 (Tex. Crim. App. 1976). The
document states appellant "should be punished . . . to Community Supervision for
a period of TEN (10) years. . . Therefore it is hereby ORDERED AND ADJUDGED that
the imposition of sentence be suspended . . . and [appellant] is placed on probation
beginning this date for a term of TEN (10) years. . ." 

 Judge Ronald M. Yeager, the judge who presided at appellant's revocation
hearing and who, following revocation, sentenced him to ten years confinement, was
also the judge who signed the "judgment" placing appellant on community
supervision for ten years. At the conclusion of the revocation hearing, Judge Yeager
stated, "I'm going to impose the original sentence of ten years . . . Mr. Bright, you
having originally been found guilty . . . your original punishment assessed at ten years
in the penitentiary and restitution in the amount of $47,000, with no fine . . ." In
addition, the record contains a "Stipulation," (signed by appellant, appellant's
counsel, the State, and Judge Yeager) wherein appellant stipulates that he is the
same individual who was convicted of intoxication assault "on 12/12/96, in the 156th
Judicial District Court of Bee County, Texas, and sentenced to serve a term of Ten
years confinement in the Texas Department of Criminal Justice Institutional Division
and a fine of $00.00. The imposition of said sentence as to confinement was
suspended and I was placed on community supervision for a term of Ten years." We
conclude that notwithstanding any failure of the judgment to comply with the strict
requirements of article 42.01, the record contains sufficient evidence to establish that
all parties viewed the judgment as imposing a sentence of ten years confinement.

 Failure to adhere to the requirements of article 42.01 does not render a
conviction void, but merely voidable. Porter v. State, 757 S.W.2d 889, 891(Tex.
App.--Beaumont 1988, no pet.). A voidable judgment is not subject to collateral
attack. See Prado v. State, 822 S.W.2d 819, 821 (Tex. App.--Eastland 1992, pet.
ref'd); Porter, 757 S.W.2d at 891. Therefore, appellant cannot now complain that the
judgment in a previous proceeding was voidable. Thus, although we may modify a
trial court's judgment to correct errors in the judgment, see Tex. R. App. P. 43.2(b);
Bigley v. State, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993), we see no need to do so
in these circumstances. 
3. The conditions specify that the total amount of restitution due is $47,000,
with payments to begin January 1, 1997. However, the conditions do not specify the
amount to be paid each month towards restitution.
4. The conditions order appellant to pay court costs in an amount "to be
determined."
5. Appellant testified that beginning in June, he received approximately $283 per
week in benefits. After a few weeks, the benefits were suspended for approximately
six weeks. When benefit payments resumed in August, appellant received $212.74
per week in benefits.
6. Appellant notes that an examination of the record at the district clerk's office
reflects a subsequent amendment of the conditions of community supervision,
requiring payment of restitution at the rate of $400 monthly, beginning thirty days
after appellant's discharge from the SAFPF. He also states there were no
amendments requiring appellant to pay a particular amount of court costs, or that the
costs be paid at $25 monthly, as the State's motion alleged. No amendments to the
conditions of appellant's community supervision were included in the record before
us.
7. Appellant assumes that Davis's testimony was victim impact testimony. 
Although we do not decide this issue, for purposes of this opinion, we accept
appellant's assumption.