NO. 07-99-0276-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

DECEMBER 5, 2000

______________________________

THOMAS JOSEPH CARPENTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;

NO. 5461; HONORABLE STEVEN R. EMMERT, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Thomas Joseph Carpenter appeals a judgment revoking his probation and sentencing him to seven years confinement.  He asserts that the trial court abused its discretion in revoking his probation because (1) the State presented no evidence as to one alleged violation involving injury to a child, (2) the evidence was insufficient as to three alleged violations involving failure to pay restitution, attorney fee reimbursements and probation fees, and (3) he proved an affirmative defense of inability to pay as to the alleged probation violations for failure to pay restitution and fees.  We affirm.

Background

On March 10, 1997, pursuant to a plea bargain, appellant pled guilty to a charge of Driving While Intoxicated-Subsequent Offense.  He was sentenced to seven years confinement in the Texas Department of Criminal Justice, Institutional Division.  Imposition of sentence was suspended and appellant was placed on probation.  

On March 8, 1999, the State filed a Motion to Revoke Probation on the grounds that appellant violated four probation conditions by (1) intentionally and knowingly causing bodily injury to a child younger than 15 years of age, (2) failing to make restitution payments as ordered, (3) failing to pay probation fees as ordered, and (4) failing to make payments to Gray County for attorney fees as ordered.  

At the hearing on the motion to revoke, appellant pled untrue to the allegation that he intentionally and knowingly caused bodily injury to a child under 15 years of age.  He pled true to the three allegations that he failed to pay amounts required to be paid by the conditions of probation.  The trial court heard testimony and found that appellant violated the conditions of probation as alleged in the motion to revoke.  The trial court revoked appellant’s probation. 

By his first two issues, appellant asserts that the trial court abused its discretion in revoking appellant’s probation because there was no evidence that appellant intentionally and knowingly caused bodily injury to a child as alleged and because appellant was in jail and had no ability to pay the amounts he was ordered to pay.  By his third issue, appellant argues that the evidence of probation violations was insufficient to support revocation.

Law

In a proceeding to revoke probation the burden of proof is on the State to show by a preponderance of the evidence that the probationer has violated a condition of probation as alleged in the motion to revoke.  
Cobb v. State
, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993).  
Proof of any one of the alleged violations is enough to support an order to revoke probation.  
Moses v. State
, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979); 
Gobell v. State
, 528 S.W.2d 223, 224 (Tex.Crim.App. 1975).  A plea of “true” by the defendant to an allegation that he violated terms of probation, standing alone, is sufficient to support revocation of probation.  
Hays v. State
, 933 S.W.2d 659, 661 (Tex.App.--San Antonio 1996, no pet.) (quoting 
Moses
, 590 S.W.2d at 70).

The only issue presented in an appeal from an order revoking probation is whether the trial court abused its discretion.  
Naquin v. State
, 607 S.W.2d 583, 586 (Tex.Crim.App. 1980); 
Lloyd v. State
, 574 S.W.2d 159, 160 (Tex.Crim.App. 1978). 
 When the standard of review is abuse of discretion, the record must simply contain some evidence to support the decision made by the trial court.  
Brumbalow v. State
, 933 S.W.2d 298, 300 (Tex.App--Waco 1996, pet. ref’d).
 
 In determining the sufficiency of the evidence to sustain a probation revocation, we view the evidence in the light most favorable to the trial court’s
 
ruling.  
Jones v. State
, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979).  

In a probation revocation proceeding, where the grounds for revocation are the defendant’s failure to pay fees required to be paid as a condition of probation, the inability of the defendant to pay is an affirmative defense.  T
ex. Code. Crim. Proc. Ann
. art. 42.12 §21(c) (Vernon Supp. 2000); 
Stanfield v. State
, 718 S.W.2d 734, 737-38 (Tex.Crim.App. 1986).  The defendant has the burden of proving the affirmative defense by a preponderance of the evidence.  
Stanfield
, 718 S.W.2d at 737; 
Amezcua v. State
, 975 S.W.2d 688, 689 (Tex.App.--San Antonio 1998,  no pet.); 
Lee v. State
, 952 S.W.2d 894, 901 (Tex.App.--Dallas 1997, no pet.).  If the defendant proves his affirmative defense, the State must prove, by a preponderance of the evidence, that the defendant’s failure to pay was intentional.  
Amezuca
, 975 S.W.2d at 689 (citing 
Stanfield
, 718 S.W.2d at 737).  If the defendant has the ability to pay but does not, it creates a strong inference that his failure to pay was intentional.  
Lee
, 952 S.W.2d at 901.  When a defendant raises the affirmative defense of inability to pay, the appellate court must view the evidence in the light most favorable to the finding of the factfinder.  
Id.
 

ANALYSIS

Appellant pled true to three of the four allegations forming the basis of the State’s Motion to Revoke: (1) failing to make restitution payments of $291 per month for a total delinquency in the amount of $6,693.00; (2) failing to pay probation fees of $40 per month for a total delinquency in the amount of $615.00; and (3) failing to make payments to Gray County in the amount of $6 per month for attorney fees for a total delinquency in the amount of $96.00.  Testimony by appellant’s probation officer was to the effect that appellant was having a hard time paying the fees.  There is no evidence, as appellant argues on appeal, that he was in jail at the time the debts accrued, although his probation officer acknowledged knowing that appellant had been in the Gray County jail for 110 days.  As can be seen from the allegations to which he pled “true,” appellant was over twenty months in arrears on his restitution payments, over fourteen months in arrears on his probation fees, and sixteen months in arrears on his attorney fee reimbursement to Gray County.   Appellant testified that he gave his girlfriend three hundred dollars a month to help out with bills.  He was apparently working to get that money, because he testified that he babysat his girlfriend’s children, cleaned her house, did dishes and cooked on Sundays, which was his “only day off.”  Assuming, 
arguendo
, that appellant presented to the trial court the affirmative defense of inability to pay, the trial court did not abuse its discretion in failing to find for appellant on the defense.

The trial court had evidence before it which, viewed in the light most favorable to its ruling, supports its finding that appellant violated the conditions of probation alleged to have been violated by his failure to pay restitution and fees.  The trial court did not abuse its discretion in revoking appellant’s probation on any of the three grounds to which he pled “true.”  Proof of any one alleged violation is sufficient to support revocation.  
Moses
, 590 S.W.2d at 470.  We need not address appellant’s issue with respect to the allegation that appellant knowingly and intentionally injured a child.  
Tex. R. App. P
. 47.1. 

The judgment of the trial court is affirmed.

Phil Johnson

    Justice

Do not publish.