NO. 07-00-0528-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 26, 2001

_____

FRED ARTHUR JELLA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 40132-A; HONORABLE DAVID L. GLEASON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

This appeal arises from the revocation of appellant  Fred Arthur Jella's probation for the failure to pay probation fees and restitution.  Appellant challenges the sufficiency of the evidence in a single point of error.  Finding the trial court's order is supported by the record, we affirm.

Appellant was indicted for the offense of tampering with a government record. He pled guilty and was sentenced pursuant to a plea agreement to two years confinement, probated for a period of four years. The conditions of his probation required him to pay probation fees and restitution of $10,000, with minimum monthly payments of $300. In February 2000, the State filed a motion to revoke probation, alleging appellant failed to pay most of his probation fees for October 1999, through February 2000, and to make restitution payments from August 1999, through February 2000.

At a hearing on the motion convened April 13, 2000, the State presented evidence of the conditions of appellant's probation and his failure to make the payments as alleged. Appellant testified that he was financially unable to make the payments. He testified that his primary means of support was an auto mechanic shop he owned and participation in a band. According to appellant, the shop was starting to become profitable but recent expenses, including caring for his mother and daughter, had prevented him from making the payments. He also stated he had sold his home and other property to make payments under probation for another offense. At the conclusion of the April 13 proceeding, appellant agreed to pay $500 per month to become current on his obligations.

The hearing was reconvened September 21, 2000. The parties differed on the amount appellant had paid, but agreed he had not paid anything in June, July, and September of that year. Appellant testified that his business went "belly up," his wife left, taking what money he had saved, and his remaining money went toward providing for his

2

daughter. Finally, appellant testified he had a job offer and if he was allowed to remain on probation, he would be able to make payments. He also stated his band had an offer from a record company if they could commit the time to go on tour. On cross-examination, the State had appellant recount the statements made in the April 13 hearing that his business and band would provide sufficient income to make the required payments and he specifically agreed to payments of $500 per month. The State also pointed out that on each of the numerous occasions when he had been arrested, he was able to obtain money for bond by borrowing it or selling property.

At the conclusion of the hearing, the court stated it found appellant had the ability to make the payments and revoked his probation. Appellant now challenges that order arguing the State failed to meet its burden to show that he intentionally failed to make probation and restitution payments.

In a proceeding to revoke probation, the burden of proof is on the State to show by a preponderance of the evidence that the probationer has violated a condition of probation as alleged in the motion to revoke. *Cobb v. State*, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993). The trial judge is the sole trier of the facts, the credibility of the witnesses, and the weight to be given the testimony. *Lee v. State*, 952 S.W.2d 894, 897 (Tex.App.--Dallas 1997, no pet.). In reviewing a motion to revoke, we are to review the evidence in the light most favorable to the trial court's order. *Jackson v. State*, 645 S.W.2d 303, 304 (Tex.Crim. App. 1983). Determination of whether to revoke probation is a matter committed to the

3

discretion of the trial court and will not be reversed absent an abuse of that discretion. *Hendley v. State*, 783 S.W.2d 750, 752 (Tex.App.--Houston [1st Dist.] 1990, no pet.). Article 42.12 of the Code of Criminal Procedure provides that inability to pay is an affirmative defense when the grounds for revocation are the failure to make payments. Tex. Code Crim. Proc. Ann. art. 42.12, § 21(c) (Vernon Supp. 2001). The defendant has the burden of proving the affirmative defense by a preponderance of the evidence. *Amezcua v. State*, 975 S.W.2d 688, 689 (Tex.App.--San Antonio 1998, no pet.). If the defendant proves his affirmative defense, the State must prove, by a preponderance of the evidence, that the defendant's failure to pay was intentional. *Id*.

Appellant argues that because the State failed to present any evidence he was able to make the payments, it did not meet its burden of showing the failure was intentional. We find the record supports the trial court's action because it could have found appellant did not establish his affirmative defense. We do not agree with appellant's position that simply by presenting some testimony of his inability to pay, he established his affirmative defense, thus shifting the burden to the State to show he had the ability to pay but intentionally failed to do so.

The focus of the State's case was appellant's credibility. It pointed out that when appellant owed probation fees, he was always able to come up with money for bond, and was able to fund his participation in a band. While appellant's representation to the court that he would make particular monthly payments was not incorporated in the terms of his

probation, his failure to fulfill his promise to the court undermined his credibility. The trial court's comments at the conclusion of the hearing found appellant was not credible. We cannot say the trial court abused its discretion in reaching this conclusion. That finding, taken together with the evidence that he was able to produce money whenever he needed to get out of jail, supports the trial court's determination that appellant's failure to pay was intentional. We overrule appellant's point of error and affirm the judgment of the trial court.

John T. Boyd
Chief Justice

Do not publish.

5