Opinion issued February 17, 2005










In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00408-CR




JOHN MARK DUNCAN, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 821433




MEMORANDUM OPINION
          Appellant, John Mark Duncan, was convicted by a jury of aggravated sexual
assault of a child and placed on community supervision for 10 years. Subsequently,
the State filed a motion to revoke appellant’s community supervision, alleging that
he failed to provide written verification of his attempts to secure employment and
failed to pay fees and court costs. The trial court determined that appellant had
violated the conditions of his community supervision as alleged by the State, revoked
appellant’s community supervision, and sentenced him to five years in prison. In two
issues, appellant asserts that the trial court abused its discretion because the evidence
was insufficient to find that he had violated his community supervision. We affirm.
BACKGROUND
          The terms of appellant’s community supervision required him to present
written verification of employment, including all attempts to secure employment, to
his community supervision officer on each reporting date, to pay a $25 fee for DNA
testing by January 1, 2004, and to begin making monthly payments toward the
$367.25 assessed as a fine and court costs on February 1, 2004. Appellant was also
ordered to make the following additional monthly payments beginning December 1,
2003: (1) $40 a month as a supervision fee, (2) $5 a month in lab fees, and (3) $5 a
month to the Sexual Assault Program Fund.
          In its motion to revoke appellant’s community supervision, the State alleged
six violations. The first alleged violation was that appellant failed to comply with the
requirement that, on January 7, 2004, January 21, 2004, and February 5, 2004, he
verify in writing his attempts to find a job. The remaining five alleged violations
consisted of appellant’s failure to make any of the required payments resulting in a
total arrearage of $200. Appellant and his community supervision officer, Leah
Callis, were the only witnesses at the hearing. 
                                                       DISCUSSION
          We review a trial court’s decision regarding community supervision revocation
for an abuse of discretion and examine the evidence in a light most favorable to the
trial court’s order. Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). 
To revoke community supervision, the State must prove every element of at least one
ground for revocation by a preponderance of the evidence. Tex. Code Crim. Proc.
Ann. art. 42.12, § 21 (Vernon Supp. 2004); Moore v. State, 11 S.W.3d 495, 498 (Tex.
App.—Houston [14th Dist.] 2000, no pet.). The trial court holds very broad
discretion over community supervision, its revocation, and its modification. See Tex.
Code Crim. Proc. Ann. art. 42.12, § 21. Considering the unique nature of the
revocation hearing and the trial court’s broad discretion in the proceedings, the
general standards for reviewing factual sufficiency do not apply. Pierce v. State, 113
S.W.3d 431, 436 (Tex. App.—Texarkana 2003, pet. ref’d). If the greater weight of
credible evidence creates a reasonable belief that appellant violated a condition of his
or her probation, the trial court’s order of revocation does not constitute an abuse of
its discretion. Id. (citing Scamardo v. State, 517 S.W.2d 293, 298 (Tex. Crim. App.
1974)).
          Appellant does not contest the allegations that he did not make the required
payments. Instead, he argues the affirmative defense that he was unable to make the
payments, which caused him to become $200 in arrears. See Tex. Code Crim. Proc.
Ann. art. 42.12, § 21(c) (Vernon Supp. 2004). It is appellant’s burden to prove this
defense by a preponderance of the evidence. Id.; Greathouse v. State, 33 S.W.3d 455,
458 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d). The evidence appellant
presented to attempt to prove his inability to pay was his statement that “I don’t have
much money,” and his testimony that he was unemployed and couldn’t find a job
because of his conviction. While this testimony is some evidence of financial
hardship, there is no corroborating evidence to support his claims. See Amezcua v.
State, 975 S.W.2d 688, 690 (Tex. App.—San Antonio 1998, no pet.) (citing Jones v.
State, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979) for proposition that trial court
doesn’t abuse discretion where defendant’s testimony is only evidence of inability to
pay). Appellant’s claim is a mere assertion of inability to pay, and does not rise to the
level of proof of inability to pay by a preponderance of the evidence because he did
not provide any information on how “much money” he did have, what his expenses
were, what his sources of income, if any, were, and what property or possessions he
owned. Id. (noting that, without such corroborating evidence “we are left with mere
assertions of inability”). Additionally, appellant admits that he had limited his job
search to the construction and welding fields and received some financial assistance
from family. On these facts, the trial court could have reasonably found that appellant
failed to carry his burden to prove, by a preponderance of the evidence, the
affirmative defense of inability to pay. 
           As previously noted, the State is required to prove only one ground to prevail
on its motion to revoke community supervision, so we need not address the issue of
whether the State proved that appellant did not verify his attempts to secure
employment. See Tex. Code Crim. Proc. Ann. art. 42.12, § 21; Moore, 11 S.W.3d
at 498. Examining the evidence in a light most favorable to the trial court’s order, we
hold that the trial court did not abuse its discretion by revoking appellant’s
community supervision.
                                                     CONCLUSION
          We affirm the judgment of the trial court.
 
                                                             Sam Nuchia
                                                             Justice
Panel consists of Justices Nuchia, Jennings, and Alcala.
Do not publish. Tex. R. App. P. 47.2(b).