Johnny Michael STAFFORD,
Appellant,

v.

The STATE of Texas, Appellee.

No. 06–99–00123–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Sept. 17, 2001.

Decided Sept. 18, 2001.

Johnny Michael Stafford, Beaumont, pro se.

Andy Porter, Assistant District Attorney, Longview, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

PER CURIAM.

■ Johnny Stafford appeals from an order revoking his community supervision. Stafford was originally convicted for retaliation, and we affirmed the conviction in a published opinion in *Stafford v. State*, 948 S.W.2d 921 (Tex.App.—Texarkana 1997, pet. denied). The State subsequently moved to revoke Stafford's community supervision. On May 28, 1999, the trial court held a hearing on the State's motion and revoked Stafford's community supervision. Stafford specifically asked to proceed pro se in his appeal of the revocation and has been allowed to do so. In connection with that determination, we point out that under the holding in *Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 164, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000), Stafford did not have a constitutional right to self-representation in an appeal from a criminal conviction, and we do not suggest that any broader right exists under the Texas Constitution that would compel this result.

Stafford first contends that the trial court had no authority to act in revoking his community supervision. He argues that the trial court, the Honorable Alvin Khoury, had no authority to act in the underlying conviction, the revocation hearing, or in a hearing conducted during the pendency of this appeal concerning the completeness of the record.

■ Stafford raised his argument about the trial court's authority to act in the underlying conviction in his appeal from that conviction, and we addressed it in our opinion. We will not revisit the issue, nor will we revisit any collateral claims controlled by that decision.

■ Stafford further argues that Judge Khoury had no authority to act in the revocation proceeding. Stafford bases this contention on language in our opinion affirming his conviction. We stated that Judge Khoury had erred by failing to obtain another judge to conduct a hearing on Stafford's motion to disqualify him based on claims of bias, but we reviewed the record and determined there was no bias or prejudice shown.

Stafford argues that because the trial court has continuing jurisdiction over a case when the defendant is placed on com-

munity supervision,[1] it was necessary for the trial court to see that a hearing was held on the pre-conviction motion to disqualify. We disagree. Our opinion provided an ending point for Stafford's appeal from his conviction. If Stafford wished to remove Judge Khoury from the subsequent revocation proceedings, he must have pursued the matter as required by Tex.R. Civ. P. 18a.

■ Tex.R. Civ. P. 18a provides that such a motion may be filed "At least ten days before the date set for trial *or other hearing* . . . ." (emphasis added). The record here contains no such motion, and we disagree with Stafford's suggestion that a motion may be carried forward from one stage of a prosecution to another. Although related to the original conviction, a revocation proceeding is separate from the underlying trial on the merits.

■ Stafford also contends that the trial court had no authority to conduct a hearing on the completeness of the record. During this appeal, Stafford filed a motion contesting the completeness and accuracy of the transcription of his revocation hearing. We abated the appeal with directions to the trial court to conduct a hearing on this matter. On March 13, 2000, Stafford filed a pro se motion seeking to recuse Judge Khoury from conducting the hearing on the record. The hearing, however, was set for March 16, 2000. Rule 18a expressly states that a motion to recuse must be filed at least ten days before the date set for trial or other hearing, that it shall be verified, and that it must set forth with particularity the grounds why the judge should not sit. Stafford's motion does not comply with these requirements. It was filed only three days before the hearing and is not verified.

Stafford's reasons for his motion include allegations that the record had been altered to protect Judge Khoury because the true record would tend to show that he may have "altered the jury's sentence or had Stafford arrested illegally at the sentencing phase of trial or may have conspired with other officers of the 124th District to suppress evidence of Officer Paradis' authorship of the jail book-in sheet mentioned in point of error number three on direct appeal." Stafford also alleged bias at the trial by Judge Khoury, and makes claims about the partition of the estate of one of Stafford's relatives and the quashing of subpoenas Stafford sought against local attorneys who were not involved in this criminal proceeding. The motion does not clearly set out grounds for recusal supported by facts. It consists only of speculation and supposition, even in the areas where Stafford might have been presumed to have personal knowledge, such as his own sentencing. In addition, we addressed the alleged trial errors in our initial opinion and concluded that they did not show bias. For all of these reasons, we conclude that the trial court did not err by overruling Stafford's motion to recuse without referring the motion to the presiding judge of the administrative district.

■ Stafford next contends that his community supervision was revoked based on violations that were not alleged in the motion seeking revocation. There were three separate motions to revoke. The first motion was denied. The second motion was filed on January 11, 1999, alleging that Stafford had violated the law by entering the residence of Gloria Stafford after being warned that entry was forbidden. That motion was amended before the revocation hearing to add allegations that Stafford had failed to pay supervision fees,

---

**1.** *See* Tex.Code Crim. Proc. Ann. art. 42.12 §§ 6(a), 10(a) (Vernon Supp.2001).

court costs, a fine, and had failed to perform eight hours of community service every other month. The hearing was conducted on those allegations, and the court revoked Stafford's community supervision.

■■■ Stafford correctly states that the State may not relitigate factual allegations in sequential motions to revoke community supervision on which the trial court has ruled; each new motion must allege different facts constituting violations of the conditions of community supervision. *See Ex parte Byrd,* 752 S.W.2d 559 (Tex.Crim. App.1988). In this case, however, there is no overlap between the allegations of the first and the second(as amended) motions to revoke.

■■■ Stafford next contends that condition eight of his community supervision is invalid because it was added by the trial court to the sentence assessed by the jury. That condition requires Stafford to pay a $1,000.00 fine in $50.00 installments during the first twenty months of his community supervision. A defendant whose community supervision is revoked may only appeal from the revocation. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 23(b) (Vernon Supp. 2001); *Corley v. State,* 782 S.W.2d 859, 860 (Tex.Crim.App.1989); *Holiday v. State,* 983 S.W.2d 326, 327 (Tex.App.—Houston [1st Dist.] 1998, writ ref'd). Stafford did not raise this issue in his appeal from the judgment placing him on community supervision. He may not now raise this complaint in this later appeal from revocation.

■■■ Stafford next contends that the State did not prove by a preponderance of the evidence that he failed to meet the probationary condition requiring him to make monthly payments on his court costs, his fine, and the community supervision fee. In a revocation hearing, the decision whether to revoke rests within the discretion of the trial court. *Wester v. State,* 542 S.W.2d 403, 405 (Tex.Crim.App.1976). This discretion is not absolute. *Scamardo v. State,* 517 S.W.2d 293 (Tex.Crim.App. 1974). The trial court is not authorized to revoke community supervision without a showing that the person on supervision has violated a condition of the community supervision imposed by the court. *DeGay v. State,* 741 S.W.2d 445, 449 (Tex.Crim.App. 1987), and cases cited therein. The burden of proof in a revocation proceeding is by a preponderance of the evidence. *Cardona v. State,* 665 S.W.2d 492 (Tex.Crim. App.1984).

■■■ At a community supervision revocation hearing, the inability to pay restitution is an affirmative defense for the defendant to prove. *See* TEX.CODE CRIM. PROC. ANN. art. 42.12, § 21(c) (Vernon Supp.2001); *Stanfield v. State,* 718 S.W.2d 734, 738 (Tex.Crim.App.1986); *Friedl v. State,* 773 S.W.2d 72, 73 (Tex.App.—Houston [1st Dist.] 1989, no pet.). Once the issue of inability to pay is raised, the burden of proof shifts to the State to prove that the defendant's failure to pay was intentional. *See Stanfield v. State,* 718 S.W.2d at 738; *Greathouse v. State,* 33 S.W.3d 455, 458 (Tex.App.—Houston [1st Dist.] 2000, no pet.). Ability to pay is a factor relevant to the question of intent. *Stanfield v. State,* 718 S.W.2d at 738; *Amezcua v. State,* 975 S.W.2d 688, 689 (Tex.App.—San Antonio 1998, no pet.)

■■■ Stafford provided evidence that he did not have a job, had no operating vehicle, and that he was living with his mother and largely off the largesse of his relatives. This raises the question of his inability to pay. Thus, the burden shifted to the State to prove that his failure to pay was intentional.

■■■ The State provided evidence through community supervision officer

Phillip Cox that Stafford was far behind in his payments, and that he had paid nothing between August 1998 and May 1999. Stafford testified that he had worked occasionally during his community supervision but had either been fired from or quit his jobs, or that he had to leave because he did not have transportation. Stafford's sister testified that he had refused to work, that she had begged him to find a job, and that she offered to pay him to work.

The State argues that the trial court could infer that Stafford's failure was intentional because he chose not to seek gainful employment for an extended period of time. We agree. If only a short period of time had been involved, the facts would militate toward a different conclusion. In this case, however, Stafford was unemployed for such a period of time and under circumstances raising an inference that his failure to pay was intentional.

We conclude that the State adequately proved an intentional failure to pay by a preponderance of the evidence. We do not find that the trial court abused its discretion in revoking Stafford's community supervision based on the failure to pay required fees. *See Stanfield v. State,* 718 S.W.2d at 737–38; *Duke v. State,* 2 S.W.3d 512, 517 (Tex.App.—San Antonio 1999).

■ Stafford next contends that the State did not prove that he violated the condition of his community supervision requiring him to work a specified number of hours of community service.[2] The State presented testimony from Cox that Stafford had not completed any community service work. Stafford testified that at some point he had completed four hours, but had not informed his community su-

pervision officer. Stafford argues that it was not his fault because he was not ordered to a particular community service worksite and that he could not be expected to perform work without such an order.

Cox also testified, however, that the information was provided, but that Stafford did not take advantage of the opportunity to select projects and begin the required work. This is sufficient to support the court's determination on this issue.

Stafford also argues that the underlying condition is invalid. As we previously discussed, his complaint about the condition is one that should have been raised in his direct appeal from the order placing him on community supervision. We may not address the issue now.

■ Stafford next contends that the prosecution failed to disclose evidence at the underlying trial which resulted in his conviction. Again, this issue is one that could only be raised in his direct appeal from his conviction. It was not raised at that time, and we may not address it now.

■ Stafford next contends that the second amended application for revocation does not give sufficient information to allow him to determine the allegations he would be required to defend. We have reviewed the motion to revoke. It sets out with specificity the alleged violations, including the dates of the failures to pay and perform community service.

■ Stafford further contends that the judgment of revocation nunc pro tunc is invalid because it incorrectly states a finding of "true" to a violation of conditions eight and fifteen of community supervision for the months of November and December. The State admits that it had not

---

**2.** The conditions required Stafford to perform eight hours of community service work every other month, and the court found that he

failed to do so for May, July, September and November 1998.

alleged that Stafford failed to pay fees during November or December, or that he had failed to complete community service during November, and that the trial court had orally stated only that it found the State's allegations to be true.

 The purpose of a nunc pro tunc order is to correctly reflect from the records of the court a judgment actually made by it, but which for some reason was not entered of record at the proper time. *Ex parte Dopps*, 723 S.W.2d 669, 670 (Tex. Crim.App.1986). A nunc pro tunc judgment may be used to correct clerical errors in a judgment, but may not be used to correct judicial omissions. *Id.* Therefore, before a judgment nunc pro tunc may be entered, there must be proof that the proposed judgment was actually rendered or pronounced at an earlier time. *Id.; Jones v. State*, 766 S.W.2d 844, 846 (Tex.App.— Beaumont 1989, no pet.). In this case, the nunc pro tunc judgment does not reflect the prior actions of the court. We reform that order to reflect only those findings which were made by the trial court, and delete the findings that Stafford had failed to pay or work during November and December.

 Stafford next contends that the judgment against him should be overturned because the trial court did not provide a complete and accurate record. His complaints all arise from the original trial and not from the revocation proceeding now on appeal. As we have previously stated, we may not now address issues from the trial, but only from the revocation.

 Stafford next contends that his counsel provided inadequate assistance on appeal. Steve Gamble represented Stafford in his original appeal. Again, we may not address issues from the underlying trial. Further, this type of relief is available post-conviction only through habeas with the Texas Court of Criminal Appeals pursuant to TEX.CODE CRIM. PROC. ANN. art. 11.07 (Vernon Supp.2001).

 Stafford next contends that the trial judge's conduct shows judicial bias. He alleges that the court had him unlawfully arrested at the sentencing phase of the trial in order to cover up the prosecution's suppression of evidence and the perjury of the victim, that the trial judge was involved with police and public corruption in connection with the indictment of a former sheriff, and that the judge was part of a broad scheme from many years earlier that was designed to reroute oil and gas royalties from their proper owners to others—and that Stafford is an heir to one of those royalty funds. There is no indication from this record of the truth of any of these allegations.

Stafford also alleges that the trial court improperly refused to allow him to argue that the violations had been previously addressed and thus could not be brought again. This is incorrect. He raised the issue, and the court overruled his objection because the factual allegations in the latest motion to revoke had not been previously ruled on by the court. No error exists, nor is bias shown by this action.

 Stafford also complains because the court limited the hearing to the issues of whether he had met the conditions and paid his outstanding fines and charges. That is the proper limitation in this case, because those were the issues to be decided.

 Stafford also argues that it is a defense to revocation that no evidence existed in the underlying trial. This is an incorrect statement of the law. Questions about the sufficiency of the evidence in the underlying trial must be raised in a direct appeal from that trial, not at revocation.

An appeal from an order revoking community supervision is limited to the propriety of the revocation. *Corley v. State*, 782 S.W.2d 859, 861 (Tex.Crim.App.1989); *Hoskins v. State*, 425 S.W.2d 825, 828 (Tex.Crim.App.1967). An appellant's right to appeal the underlying conviction was accorded him when he was placed on probation. Tex.Code Crim. Proc. Ann. art. 42.12, § 23(b); *Burns v. State*, 832 S.W.2d 695, 696 (Tex.App.—Corpus Christi 1992, no pet.). The sufficiency of the evidence to sustain a conviction cannot be collaterally attacked in an appeal from an order revoking probation. *Puckett v. State*, 801 S.W.2d 188, 191 (Tex.App.—Houston [14th Dist.] 1990, pet. ref'd).

Stafford next contends that the trial court did not properly conduct the hearing ordered by this Court to review the record for correctness. He specifically contends that the conduct of the hearing did not conform to Tex.R.App. P. 38.5(2)(b)[3] and 34.6(e)(2), (3). Both of those rules provide for review and correction of the record after notice and hearing. Stafford contends that he did not have adequate notice and complains because he was not permitted to listen to the audio recordings of the revocation proceeding. Rule 38.5(e)(2)(B), however, applies to special situations where a case is recorded electronically, with the tapes being the record, and a requirement placed on the party to file an appendix containing relevant portions of the recording. This is distinguished from stenographic recording in Rule 34.6(a). Even though a stenographer may use audio taping to ensure completeness, the record provided in this case is stenographic, not electronic. The rule is not applicable to this situation.

Rule 34.6(e)(2) refers to correction of the record before it is filed with the appellate court and does not directly apply to this situation. Rule 34.6(e)(3) refers to correction after filing with the appellate court. The rule does not specify what means must be used to ensure the correctness of the record, but only that we may submit the dispute to the trial court, which "must then ensure that the reporter's record is made to conform to what happened in the trial court." Tex.R.App. P. 34.6(e)(3).

Some notice would clearly be required—and was provided in this case—so that the parties could present their positions, but the length of notice and the method to be used in determining the correctness of the record is not mandated by rule and would necessarily vary from case to case. In this situation, the trial court heard argument and witnesses, and took information from Stafford about the specific areas in which he believed that the record was in error. The court then reviewed the disputed portions of the audiotape to determine whether the transcription matched the tapes. The court found and corrected a single mistake, and stated in findings sent to this Court that he has reviewed the complained-of portions of the record, setting them out in detail. We find this procedure to be adequate and in accordance with the terms of our order directing review.

The judgment of the trial court, as reformed, is affirmed.

**3.** It appears that he is referring to Tex.R.App. P. 38.5(e)(2)(B).