WELLS V BRETON MILL APTS



 NO. 07-01-0320-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO


 

PANEL D



APRIL 12, 2002


______________________________



DESA WELLS
,




 Appellant


V.



BRETON MILL APARTMENTS, 




 Appellee

_________________________________



FROM THE COUNTY CIVIL COURT AT LAW NO. 4 OF HARRIS COUNTY;



NO. 749,853; HON. CYNTHIA CROWE, PRESIDING


_______________________________


 

ABATE AND REMAND


________________________________



Before BOYD, C.J., QUINN and REAVIS, J.J.

 By motion, appellant, Desa Wells, requests that this Court correct the trial court
record. For the reasons which follow, we abate and remand the cause for additional
proceedings. 

 The appellant claims that she has "conducted a careful review of the Record of
Testimonies submitted in this case . . . and discovered that the Record is tainted and
bombarded with fused and incorrect testimonies." In addition to alleging that some
testimony was changed or deleted, she also states that in some instances "objections,
questions and answers . . . [were] fused and misplaced in the Record." This "inaccurate
manner in which the Record of Testimonies [has] been recorded or reported by the Court
Reporter is misleading and false as to the true testimonies that were given during the trial
. . . ." This "makes it impossible for [her] to prepare an effective Brief which will properly
represent the issues and facts submitted to the Trial of Facts." 

 Since the appellant's objections arose after the reporter's record was filed in the
appellate court, Texas Rule of Appellate Procedure 34.6(e)(3) is applicable. The rule
states that we "may submit the dispute to the trial court for resolution. The trial court must
then ensure that the reporter's record is made to conform to what occurred in the trial
court." We now abate and remand the cause to the County Civil Court at Law No. 4 of
Harris County and order the court to immediately notice and conduct a hearing to
determine whether the reporter's record contains errors in those areas specified by the
appellant, whether the errors, if any, are substantive or consequential, and if substantive
and consequential, correct same and state in findings filed with the clerk of this court on
or before May 13, 2002, that it has reviewed the complained-of portions of the record,
setting them out in detail. Stafford v. State, 63 S.W.3d 502, 511 (Tex. App.-Texarkana
2001, no pet.)(finding the above procedure to be adequate in resolving a dispute regarding
alleged errors in the reporter's record). Should additional time be needed to perform these
tasks, the county court may request same on or before May 13, 2002. 

 It is so ordered. 

 Per Curiam

 

Do not publish.



ounsel may have
had a sound trial strategy for not objecting; and (2) the evidence of appellant's guilt
independent of that deficiency "was conclusive of the offense charged." Counsel appears
to suggest that appellant would be unable to prevail upon an ineffective assistance of
counsel claim on the basis of trial counsel's failure to object. We agree. 

 A claim of ineffective assistance of counsel is reviewed under the standard set out
in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under
that standard, a defendant must establish that: (1) counsel's performance was deficient
because it fell below an objective standard of reasonableness; and (2) a reasonable
probability sufficient to undermine confidence in the outcome existed that, but for counsel's
unprofessional errors, the result of the proceeding would have been different. Rylander
v. State, 101 S.W.3d 107, 110 (Tex.Cr.App. 2003 ). Failure to make the required showing
of either deficient performance or sufficient prejudice defeats the ineffectiveness claim.
Garcia v. State, 887 S.W.2d 862, 880 (Tex.Cr.App. 1994), cert. denied, 514 U.S. 1021,
115 S. Ct. 1368, 131 L.Ed.2d 223 (1995). Any allegation of ineffective assistance of
counsel must be firmly founded in the record, and the record must affirmatively
demonstrate the alleged ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813
(Tex.Cr.App. 1999). Generally, the record on direct appeal will not be sufficient to show
that counsel's conduct was so deficient as to meet the first prong of the Strickland standard
as the reasonableness of counsel's choices often involves facts that do not appear in the
record. See Mitchell v. State, 68 S.W.3d 640, 642 (Tex.Cr.App. 2002). Instead, an
application for a post-conviction writ of habeas corpus is usually the appropriate manner
in which to raise and develop claims based on ineffective assistance of counsel. Id. 

 Here, it is possible, as counsel suggests, that the lack of an objection by trial
counsel to the admission of the evidence of appellant's misdemeanor conviction, is
consistent with a theory of the case that "although [appellant] was a marijuana user, all the
marijuana found on the date in question should not be charged to him" and that "as he has
admitted to wrongs in the past, he would do the same now if one had occurred." 
(Emphasis in original). In any event, the record is insufficient to establish whether trial
counsel's conduct was so deficient as to meet the first prong of the Strickland standard. 
Furthermore, because there was overwhelming evidence of appellant's guilt independent
of trial counsel's failure to object, we cannot, on this record, presume appellant would 
prevail on the second prong of that test either. 

 We have also made an independent examination of the entire record to determine
whether there are any other arguable grounds which might support this appeal. See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no
non-frivolous issues and agree with counsel that the appeal is without merit. Currie v.
State, 516 S.W.2d 684 (Tex.Cr.App. 1974).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the
trial court is affirmed. 

 Don H. Reavis 

 Justice

 


Do not publish. 

1. Appellant testified that although the marijuana on his person was his, he denied
having possession of the marijuana found in the sofa.
2. See Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
3. The record reveals that appellant was charged with a felony, but was convicted of
a lesser included misdemeanor possession offense.