NO. 07-01-0320-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 12, 2002

_____

DESA WELLS,

Appellant

V.

BRETON MILL APARTMENTS,

Appellee

_____

FROM THE COUNTY CIVIL COURT AT LAW NO. 4 OF HARRIS COUNTY;

NO. 749,853; HON. CYNTHIA CROWE, PRESIDING

_____

_____*ABATE AND REMAND*

_____

Before BOYD, C.J., QUINN and REAVIS, J.J.

By motion, appellant, Desa Wells, requests that this Court correct the trial court record.   For the reasons which follow, we abate and remand the cause for additional proceedings.

The appellant claims that she has "conducted a careful review of the Record of Testimonies submitted in this case . . . and discovered that the Record is tainted and bombarded with fused and incorrect testimonies."   In addition to alleging that some

testimony was changed or deleted, she also states that in some instances "objections, questions and answers . . . [were] fused and misplaced in the Record." This "inaccurate manner in which the Record of Testimonies [has] been recorded or reported by the Court Reporter is misleading and false as to the true testimonies that were given during the trial . . . ." This "makes it impossible for [her] to prepare an effective Brief which will properly represent the issues and facts submitted to the Trial of Facts."

Since the appellant's objections arose after the reporter's record was filed in the appellate court, Texas Rule of Appellate Procedure 34.6(e)(3) is applicable. The rule states that we "may submit the dispute to the trial court for resolution. The trial court must then ensure that the reporter's record is made to conform to what occurred in the trial court." We now abate and remand the cause to the County Civil Court at Law No. 4 of Harris County and order the court to immediately notice and conduct a hearing to determine whether the reporter's record contains errors in those areas specified by the appellant, whether the errors, if any, are substantive or consequential, and if substantive and consequential, correct same and state in findings filed with the clerk of this court on or before May 13, 2002, that it has reviewed the complained-of portions of the record, setting them out in detail. *Stafford v. State*, 63 S.W.3d 502, 511 (Tex. App.–Texarkana 2001, no pet.)(finding the above procedure to be adequate in resolving a dispute regarding alleged errors in the reporter's record). Should additional time be needed to perform these tasks, the county court may request same on or before May 13, 2002.

It is so ordered.

Per Curiam

Do not publish.