TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-03-00212-CR






Clyde Dennis Glenn, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF LAMPASAS COUNTY, 27TH JUDICIAL DISTRICT


NO. 7318, HONORABLE JOE CARROLL, JUDGE PRESIDING






O R D E R




Clyde Dennis Glenn was convicted of burglary and sentenced to twenty years'
imprisonment. Scott K. Stevens was appointed to represent Glenn on appeal. Stevens has filed
motions for extension of time to file brief and to withdraw as counsel. The latter motion states that
Glenn has advised Stevens that he desires to forego counsel and represent himself on appeal. (1) Glenn
has filed a pro se motion for extension of time to amend his pro se brief. (2)

In Faretta v. California, 422 U.S. 806, 807 (1975), the Supreme Court recognized
a Sixth Amendment right to self-representation at trial. The Texas Court of Criminal Appeals
subsequently extended Faretta to appeals, in effect holding that there is a Sixth Amendment right
of self-representation on appeal. See Webb v. State, 533 S.W.2d 780, 783-84 (Tex. Crim. App.
1976); see also Ex parte Davis, 818 S.W.2d 64, 66 (Tex. Crim. App. 1991); Hubbard v. State, 739
S.W.2d 341, 342-43 (Tex. Crim. App. 1987). As it turns out, this extension of Faretta was
mistaken. The Supreme Court has since held that Faretta does not apply to appeals and that there
is no federal constitutional right of self-representation on appeal. Martinez v. Court of Appeal, 528
U.S. 152, 163 (2000).

Like the Sixth Amendment, article I, section 10 of the Texas Constitution, which
guarantees to the accused criminal "the right of being heard by himself or counsel, or both," is a
delineation of the rights of the accused at trial. (3) No Texas appellate court has recognized a state
constitutional right to self-representation on appeal. See Cormier v. State, 85 S.W.3d 496, 498 Tex.
App.--Houston [1st Dist.] 2002, no pet.); Stafford v. State, 63 S.W.3d 502, 506 Tex.
App.--Texarkana 2001, pet. ref'd); Hadnot v. State, 14 S.W.3d 348, 350 Tex. App.--Houston [14th
Dist.] 2000, no pet.); Cain v. State, 976 S.W.2d 228, 235 Tex. App.--San Antonio 1998, no pet.). 
We conclude there is no state constitutional right of self-representation on appeal.

We do, of course, have the discretion to permit self-representation. In this cause,
however, Glenn has already tendered a pro se brief which the Court will consider in the interest of
justice upon submission of the appeal for decision. There is nothing in the motions before us to
indicate that it would be in the best interest of Glenn or the State to allow Glenn to exclusively
represent himself in this appeal. We therefore overrule counsel's motion to withdraw, which is
based solely on Glenn's request for self-representation. Insofar as it asserts a constitutional right to
discharge counsel and represent himself, Glenn's pro se motion for extension of time to amend his
pro se brief is also overruled, although any amended pro se brief received prior to submission will
be considered by the Court. Counsel's motion for extension of time to file brief is granted. Mr.
Scott K. Stevens is ordered to tender a brief on Glenn's behalf no later than September 5, 2003. No
further extension of time will be granted. (4)

It is ordered August 6, 2003.



 __________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Publish
1. Separately, Glenn has petitioned this Court for a writ of mandamus to compel the district court
to act on his request for self-representation. For the reasons stated in this order, the petition will be
denied.
2. Glenn's pro se brief was received by this Court on June 30, 2003.
3. The court of criminal appeals has stated that article I, section 10 affords the right to be heard,
as distinguished from the right to counsel as delineated in Faretta. Landers v. State, 550 S.W.2d
272, 277 (Tex. Crim. App. 1977) (op. on reh'g).
4. Nothing in this order should be understood to limit Glenn's right, or any other appellant's right,
to examine the record and file a pro se brief in the event that appointed counsel concludes that the
appeal is frivolous. See Anders v. California, 386 U.S. 738 (1967); see also Penson v. Ohio, 488
U.S. 75 (1988); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie v. State, 516 S.W.2d
684 (Tex. Crim. App. 1974); Jackson v. State, 485 S.W.2d 553 (Tex. Crim. App. 1972); Gainous
v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969).