6-96-028-CV Long Trusts v. Dowd 



















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00026-CV
______________________________



IN RE:
MONDREA SCOTT





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Original Mandamus Proceeding





Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross



MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Mondrea Scott has filed a petition for writ of mandamus, seeking to compel a district
court in Bowie County to dismiss with prejudice an indictment charging Scott with
aggravated robbery. Scott is incarcerated in the Arkansas Department of Corrections, with
a projected release date of February 2017. She further styles her petition as a request to
order the trial court to issue a writ of prohibition and prevent further proceedings against
her. The thrust of Scott's petition seems to be reliance on the Interstate Agreement on
Detainers Act (see Tex. Code Crim. Proc. Ann. art. 51.14 (Vernon 1979)).
Â Â Â Â Â Â Â Â Â Â This is Scott's second petition for writ of mandamus in as many months. On
January 12, 2005, this Court denied her petition for mandamus relief, where Scott wholly
failed to comply with the requisites of Tex. R. App. P. 52.3. In re Scott,
No.Â 06-05-00002-CV, 2005 Tex. App. LEXIS 180 (Tex. App.âTexarkana Jan. 12, 2005,
orig. proceeding) (mem. op.) (not designated for publication). The petitions filed with the
Court on January 5, 2005 (bearing the 06-05-00002-CV cause number), and on
JanuaryÂ 25, 2005 (the instant cause), are identical. As stated above, we denied relief in
Scott's previous request due to her failure to comply with Tex. R. App. P. 52.3. She has
now supplied this Court with a copy of the indictment (dated March 23, 2000, and charging
Scott with aggravated robbery); a copy of her motion for speedy trial; documents pertaining
to the detainer placed on her; and a motion to dismiss citing an Arkansas rule and statute. 

Â Â Â Â Â Â Â Â Â Â The State filed a response reminding this Court of the action we took in cause
number 06-05-00002-CV and stating that Scott still has not complied with Tex. R. App. P.
52.3. The State did not address Scott's claim to relief under the Interstate Agreement on
Detainers Act.
Â Â Â Â Â Â Â Â Â Â Scott still has not filed her petition in accordance with the applicable Rules of
Appellate Procedure and has not sufficiently analyzed her situation and briefed this Court
on why she is entitled to relief. 
Â Â Â Â Â Â Â Â Â Â Accordingly, we deny Scott's petition for writ of mandamus.



Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Donald R. Ross
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â February 3, 2005
Date Decided:Â Â Â Â Â Â Â Â Â February 4, 2005






Name="Medium Grid 1 Accent 3"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No. 06-11-00019-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  DALSON LESCHALLE JAMES,
Appellant

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  V.

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  THE STATE OF TEXAS, Appellee

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  On Appeal from the 114th
Judicial District Court

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Smith County, Texas

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Trial Court
No. 114-0913-10

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before Morriss, C.J.,
Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum Opinion by Chief Justice Morriss








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM OPINION

Â 

Dalson Leschalle James received a probated
sentence in Smith County[1]
for possession of a controlled substance and was placed on community
supervision.Â  Among the conditions of community
supervision, James was ordered to reimburse the Texas Department of Public
Safety for Â$140 for the testing of the drugs in this case.ÂÂ  Now, on the StateÂs motion, the trial court
has revoked JamesÂ community supervision, because James possessed marihuana,
used or consumed marihuana, used or consumed opiates, and possessed
opiates.Â  At the revocation hearing,
James pled ÂtrueÂ to the StateÂs allegations.Â 
The trial court revoked JamesÂ community supervision and assessed his
punishment at two yearsÂ confinement.

In two points of error on appeal, James
attacks only that part of the trial courtÂs original order[2]
placing him on community supervision that ordered James to pay restitution.

Â Â Â Â Â Â Â Â Â Â Â  We affirm
the trial courtÂs judgment because James failed to timely appeal any issue
concerning restitution.

Â Â Â Â Â Â Â Â Â Â Â  Issues
related to the original conviction are not generally cognizable on an appeal
from the revocation of community supervision. Â Gossett
v. State, 282 S.W.2d 59, 62 (1955); King
v. State, 161 S.W.3d 264, 266 (Tex. App.ÂTexarkana 2005, pet. refÂd); see Manuel v. State, 994 S.W.2d 658,
661Â62 (Tex. Crim. App. 1999) (applying general rule to deferred adjudication).
Â James does not allege that any exception
to the general rule applies in this case. See
Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); cf. Jordan v. State, 54 S.W.3d 783, 785 (Tex.
Crim. App. 2001). ÂAn appeal from an order revoking community supervision is
limited to the propriety of the revocation.Â Â Stafford
v. State, 63 S.W.3d 502, 511 (Tex. App.ÂTexarkana 2001, pet. refÂd). Â The time for appeal begins when the sentence
is imposed or suspended in open court.[3]
Â Coffey
v. State, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) (unprobated fine
properly included in judgment revoking community supervision).

Â Â Â Â Â Â Â Â Â Â Â  Any error in
the restitution order should have been appealed when James was convicted and
placed on community supervision. Â At the
time of the original judgment and sentencing, James failed to object to any
restitution error or file a motion for new trial or an appeal from that
judgment.Â  Thus, this appeal fails.

Â Â Â Â Â Â Â Â Â Â Â  We
affirm the judgment of the trial court.

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date Submitted:Â Â Â Â Â Â Â Â Â  July
11, 2011

Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â  July
12, 2011

Â 

Do Not Publish











[1]This
case was transferred to this Court from the Tyler Court of Appeals as part of
the Texas Supreme CourtÂs docket equalization program. Â Tex.
GovÂt Code Ann. Â§ 73.001 (West 2005).Â 
We are not aware of any conflict between the precedent of the Tyler
Court and the precedent of this Court on any issue relevant in this appeal. Â See Tex. R. App. P. 41.3.

Â 





[2]The
trial court imposed the restitution orders in the original judgment finding James
was guilty of possession of a controlled substance, accepting the plea bargain
and recommendations, and placing James on community supervision.Â  The payment of restitution was included as a
condition of JamesÂ community supervision, wherein he was to pay $10.00 per
month, beginning in November 2010. 





[3]Further,
the Tyler Court of Appeals has held that an error in a restitution order does
not result in an illegal sentence. See
Grindele v. State, No. 12Â06Â00168ÂCR, 2007 WL 1869323 (Tex. App.ÂTyler
June 29, 2007, pet. refÂd) (mem.op., not designated for publication). Â