# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00464-CV

**In re Mark David Simmons**

## ORIGINAL PROCEEDING FROM HAYS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator, who is represented by appointed counsel in the underlying appeal from multiple criminal convictions, has filed a petition for writ of mandamus, complaining that the trial court clerk has not provided him with a copy of the record so that relator can represent himself on appeal. Because an attorney has been appointed to represent relator on direct appeal and relator does not have a constitutional right to self-representation, we deny the petition for writ of mandamus.

First, relator does not have a right to hybrid representation. *Ex parte Taylor*, 36 S.W.3d 883, 887 (Tex. Crim App. 2001) ("Appellants are not allowed to have 'hybrid representation' on appeal, in which an appellant and an attorney can present independent points to an appellate court."); *see Marshall v. State*, 210 S.W.3d 618, 620 n.1 (Tex. Crim. App. 2006), *cert. denied*, 552 U.S. 842 (2007) (court refused to address appellant's *pro se* brief because appellant had no right to hybrid representation); *Patrick v. State*, 906 S.W.2d 481, 498 (Tex. Crim. App. 1995) (appellant's *pro se* supplemental brief presented nothing for review); *Williams v. State*, No. 03-09-00542-CR, 2011 Tex. App. LEXIS 1426, at *2 n.1 (Tex. App.—Austin Feb. 25, 2011, no pet.) (mem. op., not designated for publication) (criminal defendant has no right to hybrid representation).

Further, there is no federal constitutional right to self-representation on direct appeal. *Martinez v. Court of Appeal of Cal. Fourth Appellate Dist.*, 528 U.S. 152, 163-64 (2000); *see Scheanette v. State*, 144 S.W.3d 503, 505 n.2 (Tex. Crim. App. 2004). Nor is there a state constitutional right to self-representation on direct appeal. *See Cormier v. State*, 85 S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, order); *Stafford v. State,* 63 S.W.3d 502, 506 (Tex. App.—Texarkana 2001, order); *Hadnot v. State,* 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, order); *Cain v. State,* 976 S.W.2d 228, 235 (Tex. App.—San Antonio 1998, no pet.); *see also Williams*, 2011 Tex. App. LEXIS 1426, at *2 n.1; *In re Kuhn*, No. 03-11-00570-CV, 2011 Tex. App. LEXIS 8655, at *3 (Tex. App.—Austin Oct. 28, 2011, orig. proc.).[1]

An attorney has been appointed to represent relator on appeal, and there is no right to self-representation on direct appeal.[2] We therefore deny relator's petition for writ of mandamus.

_____

David Puryear, Justice

Before Justices Puryear, Pemberton and Henson

Filed: July 24, 2012

_____

[1] *Ex parte Davis*, cited by relator, followed earlier cases by the court of criminal appeals that extended the holding in *Faretta v. California*, 422 U.S. 806, 807 (1975), to appeals. 818 S.W.2d 64, 66 (Tex. Crim. App. 1991). However, that extension was overruled by *Martinez* and its holding that a criminal defendant does not have a federal right to represent himself on appeal. *See Martinez v. Court of Appeal of Cal. Fourth Appellate Dist.*, 528 U.S. 152, 162-63 (2000); *Glenn v. State*, No. 03-03-00212-CR, 2003 Tex. App. LEXIS 7082, at *2 (Tex. App.—Austin Aug. 6, 2003, order).

[2] The full record has not yet been filed in this Court, so relator's petition, even if it had merit, is premature.