

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00124-CR

LARRY JOE JONES, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 85th District Court
Brazos County, Texas
Trial Court No. 14-02769-CRF-85

Before Morriss, C.J., Moseley and Burgess, JJ.

O R D E R

Larry Joe Jones appeals his jury conviction of evading arrest or detention with a motor vehicle. Jones was represented by appointed counsel, Clyde Daniel Jones, III, at trial and was likewise appointed counsel to represent his interests on appeal. Jones' appellate counsel, David W. Crawford, has filed a brief with this Court on Jones' behalf. Six days after Jones' appellate brief was filed, Jones filed his "Motion To Dismiss Counsel [and] Proceed Pro-Se On Direct Appeal."

In Texas, every person convicted of a crime has a statutory right to appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); *Nguyen v. State*, 11 S.W.3d 376, 378 (Tex. App.— Houston [14th Dist.] 2000, no pet.). The Sixth and Fourteenth Amendments to the United States Constitution mandate that every criminal appellant, whether rich or poor, is guaranteed the right to counsel on a first appeal. *See Douglas v. People of State of Cal.*, 372 U.S. 353 (1963). When a defendant is indigent, an attorney must be appointed by the State to represent him on appeal. *See McCoy v. Court of Appeals of Wisconsin Dist. 1*, 486 U.S. 429, 435 (1988). Although Jones is currently represented by appointed counsel, he has expressed the desire to forego his right to counsel and to represent himself in this appeal.

> The Sixth Amendment does not include any right to appeal. As we have recognized, "[t]he right of appeal, as we presently know it in criminal cases, is purely a creature of statute." *Abney*, 431 U.S., [sic] at 656, 97 S. Ct. 2034. It necessarily follows that the Amendment itself does not provide any basis for finding a right to self-representation on appeal.

*Martinez v. Court of Appeal of California*, *Fourth Appellate Dist*., 528 U.S. 152, 160 (2000); *see Hadnot v. State*, 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (per curiam) ("No Texas court has recognized a state constitutional right to self-representation on direct

2

appeal."); *Stafford v. State*, 63 S.W.3d 502, 506 (Tex. App.—Texarkana 2001, pet. ref'd) (per curiam) (permitting appellant to proceed pro se in direct appeal, but noting appellant had no federal "constitutional right to self-representation" and rejecting notion "that any broader right exists under the Texas Constitution that would compel this result").

We review a request for self-representation in a direct criminal appeal on a case-by-case basis in which we consider "the best interest of the appellant, the State, and the administration of justice." *Ex parte Ainsworth*, Nos. 07-15-00091-CR, 07-15-00106-CR, 07-15-00107-CR, 2015 WL 4389019, at *1 (Tex. App.—Amarillo July 15, 2015, order) (per curiam); *see Bibbs v. State*, No. 07-10-00300-CR, 2011 WL 5026903, at *1 (Tex. App.—Amarillo Oct. 21, 2011, order) (per curiam); *Cormier v. State*, 85 S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (per curiam). An appellant's desire to represent himself on appeal may not, however, "be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice." *Hubbard v. State*, 739 S.W.2d 341, 344 (Tex. Crim. App. 1987).

Here, Jones filed his motion to proceed pro se promptly after he received the brief filed by his appellate counsel and well before the State's responsive brief was due to be filed. Jones' request for self-representation was timely.

We must abate and remand this appeal, however, for a determination of whether, among other things, Jones' decision to self-represent on appeal is a competent, voluntary, and intelligent decision. *See id.* at 345. We, therefore, abate this appeal and remand the case to the trial court so that it may conduct any hearings (either in person or by video link or teleconference) necessary to address the following issues:

3

1.      Although we assume the trial court has determined Jones is unable to afford the costs of retaining counsel on his own, the trial court should determine and enter findings on whether Jones is indigent;

2.      Assuming Jones is indigent, the trial court should determine and enter findings on whether Jones still wishes to represent himself on appeal.

3.      If Jones still desires to represent himself on appeal:

   a.      The trial court must, at this point, rigorously and thoroughly admonish Jones of the pitfalls of engaging in the appellate process without the assistance of counsel, *see Iowa v. Tovar*, 541 U.S. 77 (2004);[1] and

   b.      The trial court should determine and enter findings on whether, after being admonished, Jones still desires to represent himself on appeal.

4.      If Jones still desires to represent himself on appeal after having been admonished:

   a.      The trial court should determine and enter findings on whether Jones' decision to represent himself on appeal is a knowing, intelligent, and voluntary decision, *see Faretta v. California*, 422 U.S. 806, 835 (1975); *Hubbard*, 739 S.W.2d at 345; and

   b.      The trial court should determine and enter findings on whether allowing Jones to represent himself on appeal is in his best interest, in the State's best interest, and in furtherance of the proper administration of justice.

5.      The trial court should enter any additional findings it might deem useful to this Court in determining the issue of whether Jones should be permitted to represent himself in this appeal.

If the trial court determines that Jones is indigent and is entitled to appointed counsel and if it further determines that Jones no longer wishes to represent himself on appeal, then currently appointed counsel shall continue to represent Jones in this appeal.

---

[1]The record must show that the trial court admonished Jones of the practical disadvantages of self-representation, including the fact that he will not be granted any special consideration regarding or relief from the technicalities of the Texas Rules of Appellate Procedure solely because he elects to appear pro se. *See Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988).

The court shall issue findings and recommendations expressing its determinations on the aforementioned issues. If the court recommends that we permit Jones to represent himself on appeal, this Court will review that recommendation and issue further orders on reinstatement of this appeal.

The hearing in the trial court shall take place within twenty days of the date of this order. The reporter's record of the hearing shall be filed in the form of a supplemental reporter's record within twenty days of the date of the hearing. *See generally* TEX. R. APP. P. 38.8(b)(3). Any written findings shall be entered on the record and filed in the form of a supplemental clerk's record within twenty days of the date of the hearing. *See id.*

All appellate timetables are stayed and will resume on our receipt of the supplemental appellate record.

IT IS SO ORDERED.

BY THE COURT

Date: December 17, 2015