

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00072-CR

TIMOTHY JAMES MAYS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1
Hunt County, Texas
Trial Court No. CR1500926

Before Morriss, C.J., Moseley and Burgess, JJ.

ORDER

Timothy James Mays appeals his jury conviction of assault causing bodily injury. Prior to trial, the trial court determined that Mays was indigent and appointed Shawn Council to represent his interests at trial. After the trial concluded, Council filed a notice of appeal on Mays' behalf on April 12, 2016, and a motion to withdraw as counsel on that same date. The motion specifically asked the trial court to appoint an attorney to represent Mays on appeal based on the trial court's earlier determination that Mays was indigent.

Thereafter, the trial court set the two motions for hearing on April 18, 2016. No written order was entered following the April 18 hearing until June 1, 2016. The June 1 order indicates that the trial court granted Council's motion to withdraw, that Mays indicated his desire to represent himself on appeal, and that the trial court admonished Mays of the dangers and pitfalls of self-representation. The order purports to grant Mays' request to represent himself on appeal. The decision regarding Mays' self-representation on appeal is properly one to be made by this Court.

In Texas, every person convicted of a crime has a statutory right to appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006). The Sixth Amendment to the United States Constitution, made applicable to the states by the Fourteenth Amendment, mandates that each criminal appellant, whether rich or poor, be guaranteed the right to counsel on a first appeal. *See Douglas v. California*, 372 U.S. 353 (1963). When a defendant is indigent, an attorney must be appointed by the State to represent him on appeal. *See McCoy v. Court of Appeals of Wisconsin*

*Dist. 1*, 486 U.S. 429, 435 (1988). Mays has apparently expressed the desire to forego his right to counsel and represent himself in this appeal.

> The Sixth Amendment does not include any right to appeal. As we have recognized, "[t]he right of appeal, as we presently know it in criminal cases, is purely a creature of statute." *Abney* [*v. U.S.*], 431 U.S. [651, 656 (1977)]. It necessarily follows that the Amendment itself does not provide any basis for finding a right to self-representation on appeal.

*Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 160 (2000); *see Stafford v. State*, 63 S.W.3d 502, 506 (Tex. App.—Texarkana 2001, pet. ref'd) (per curiam) (permitting appellant to proceed pro se in direct appeal, but noting that appellant "did not have a constitutional right to self-representation" and refusing to "suggest that any broader right exists under the Texas Constitution that would compel this result"); *Hadnot v. State*, 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (per curiam) ("No Texas court has recognized a state constitutional right to self-representation on direct appeal.").

We review a request for self-representation in a direct criminal appeal on a case-by-case basis, considering "the best interest of the appellant, the State, and the administration of justice." *Ex parte Ainsworth*, Nos. 07-15-00091-CR, 07-15-00106-CR, and 07-15-00107-CR, 2015 WL 4389019, at *1 (Tex. App.—Amarillo July 15, 2015, order) (per curiam); *see Bibbs v. State*, No. 07-10-00300-CR, 2011 WL 5026903, at *1 (Tex. App.—Amarillo Oct. 21, 2011, order) (per curiam); *Cormier v. State*, 85 S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (per curiam). An appellant's desire to represent himself on appeal may not, however, "be manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice." *Hubbard v. State*, 739 S.W.2d 341, 344 (Tex. Crim. App. 1987).

3

Here, Mays promptly expressed his desire to proceed pro se, and the request to self-represent was timely.

We must abate this appeal, however, for a determination of whether, among other things, Mays' desire to self-represent is a competent and intelligent decision. *See id.* Although the trial court's order indicates that Mays was admonished on the dangers and pitfalls of self-representation, we have no way to determine the scope of those admonishments. We, therefore, abate this appeal and remand this case to the trial court so that it may conduct any hearings (in person, by video link, or by telephone) that are necessary to make the following determinations and enter findings on each: (1) although we assume the trial court has determined Mays is unable to afford the cost of counsel, whether Mays remains indigent; (2) assuming Mays is indigent, whether he still wishes to represent himself on appeal; (3) if so, after again rigorously conveying to Mays the pitfalls of engaging in the appellate process without the benefit of counsel, *see Iowa v. Tovar*, 541 U.S. 77 (2004),[1] whether Mays' decision to represent himself on appeal is a knowing, intelligent, and voluntary decision, *see Faretta v. California*, 422 U.S. 806, 835 (1975); *Hubbard*, 739 S.W.2d at 345; and (5) if Mays persists in his desire to represent himself on appeal, whether allowing him to do so is in his best interest, in the State's best interest, and in furtherance of the proper administration of justice.

The scope of the trial court's role during this period of abatement is to conduct the required hearing and to issue findings and recommendations expressing its determinations on the

---

[1] The record must show that the trial court admonished Mays of the practical disadvantages of self-representation, including the fact that he will not be granted any special consideration or relief from the technicalities of the Texas Rules of Appellate Procedure solely because he elects to appear pro se. *See Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988).

4

aforementioned issues. It is the task of this Court to review those findings and recommendations and to ultimately determine whether Mays should be permitted to represent himself on appeal. However, we are of the opinion that, in the overwhelming majority of cases, the risks and perils of self-representation on appeal are so great that it cannot be in the appellant's or the State's best interest to allow the appellant to self-represent. Consequently, for purposes of expediency, if the trial court determines that Mays is indigent and is entitled to appointed counsel and if it further determines either that Mays no longer wishes to represent himself on appeal or that it is not in his or the State's best interest or in furtherance of the proper administration of justice to allow Mays to represent himself on appeal, then the trial court shall promptly appoint counsel to represent Mays in this appeal.

If, however, the trial court recommends that we permit Mays to represent himself on appeal, this Court will review that recommendation and issue further orders on reinstatement of this appeal.

The hearing in the trial court shall take place within twenty days of the date of this order. The reporter's record of the hearing shall be filed in the form of a supplemental reporter's record within twenty days of the date of the hearing. *See generally* TEX. R. APP. P. 38.8(b)(3).

All appellate timetables are stayed and will resume on our receipt of the supplemental reporter's record of the hearing on these issues.

IT IS SO ORDERED.

BY THE COURT

Date:   June 15, 2016