

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00174-CR

JAMIE LEE BLEDSOE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 71st District Court
Harrison County, Texas
Trial Court No. 17-0125X

Before Morriss, C.J., Moseley and Burgess, JJ.

# O R D E R

Jamie Lee Bledsoe has appealed from his conviction of burglary of a building and the resulting twenty-year sentence. The trial court deemed Bledsoe indigent, appointed counsel to represent Bledsoe at trial, and provided Bledsoe with a free copy of the appellate record. However, Bledsoe is currently before this Court without the benefit of appointed appellate counsel.

In Texas, every person convicted of a crime has a statutory right to appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006); *Nguyen v. State*, 11 S.W.3d 376, 378 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The Sixth and Fourteenth Amendments to the United States Constitution mandate that each criminal appellant, whether rich or poor, is guaranteed the right to counsel on a first appeal. U.S. CONST. amends. VI, XIV; *see Douglas v. People of State of Cal.*, 372 U.S. 353 (1963). When a defendant is indigent, an attorney must be appointed by the State to represent him on appeal. *See McCoy v. Court of Appeals of Wisconsin, Dist. 1*, 486 U.S. 429, 435 (1988).

It appears that Bledsoe desires to forego his right to counsel and to represent himself in this appeal. In the words of the United State Supreme Court,

> The Sixth Amendment does not include any right to appeal. As we have recognized, "[t]he right of appeal, as we presently know it in criminal cases, is purely a creature of statute." *Abney* [*v. U.S.*], 431 U.S. [651,] 656, 97 S. Ct. 2034 [1977]. It necessarily follows that the Amendment itself does not provide any basis for finding a right to self-representation on appeal.

*Martinez v. Court of Appeal of Cal.*, *Fourth Appellate Dist.*, 528 U.S. 152, 160 (2000); *see Hadnot v. State*, 14 S.W.3d 348, 350 (Tex. App.—Houston [14th Dist.] 2000, order) (per curiam) ("No Texas court has recognized a state constitutional right to self-representation on direct appeal.");

2

*Stafford v. State*, 63 S.W.3d 502, 506 (Tex. App.—Texarkana 2001, pet. ref'd) (per curiam) (permitting appellant to proceed pro se in direct appeal, noting that appellant had no "constitutional right to self-representation," and stating that no "broader right exists under the Texas Constitution that would compel this result").

We review a request for self-representation in a direct criminal appeal on a case-by-case basis by considering "the best interest of the appellant, the State, and the administration of justice." *Ex parte Ainsworth*, Nos. 07-15-00091-CR, 07-15-00106-CR, 07-15-00107-CR, 2015 WL 4389019, at *1 (Tex. App.—Amarillo July 15, 2015, order) (per curiam); *Bibbs v. State*, No. 07-10-00300-CR, 2011 WL 5026903, at *1 (Tex. App.—Amarillo Oct. 21, 2011, order) (per curiam); *see Cormier v. State*, 85 S.W.3d 496, 498 (Tex. App.—Houston [1st Dist.] 2002, order) (per curiam).

We must abate this matter to the trial court for a determination of whether, among other things, Bledsoe's decision to self-represent on appeal is a competent, voluntary, and intelligent decision. *See Hubbard v. State*, 739 S.W.2d 341, 345 (Tex. Crim. App. 1987). We, therefore, abate this appeal to the trial court so that it may conduct any hearings (whether in person, by video link, or by teleconference) necessary to address the following issues:

1.    Although we assume the trial court has determined that Bledsoe is unable to afford the costs of retaining counsel on his own, the trial court should again determine and enter findings on whether Bledsoe is indigent.

2.    Assuming Bledsoe is indigent, the trial court should determine and enter findings on whether Bledsoe wishes to represent himself on appeal.

3.    If Bledsoe desires to represent himself on appeal:

3

a.      the trial court must admonish Bledsoe of the pitfalls of engaging in the appellate process without the assistance of counsel;[1] and

b.      the trial court should determine and enter findings on whether, after being admonished, Bledsoe still desires to represent himself on appeal.

4.      If Bledsoe still desires to represent himself on appeal after having been admonished,

a.      the trial court should determine and enter findings on whether Bledsoe's decision to represent himself on appeal is a knowing, intelligent, and voluntary decision, *see Faretta v. California*, 422 U.S. 806, 835 (1975); *Hubbard*, 739 S.W.2d at 345; and

b.      the trial court should determine and enter findings on whether allowing Bledsoe to represent himself on appeal is in his best interest, in the State's best interest, and in furtherance of the proper administration of justice, *see Ainsworth*, 2015 WL 4389019, at *1.

5.      The trial court should enter any additional findings it might deem useful to this Court in determining the issue of whether Bledsoe should be permitted to represent himself in this appeal.

If the trial court determines that Bledsoe is indigent and is entitled to appointed counsel and if it further determines that Bledsoe no longer wishes to represent himself on appeal, then the trial court should immediately appoint counsel to represent Bledsoe in this appeal. The court shall issue findings and recommendations expressing its determinations on the aforementioned issues. If the court recommends that we permit Bledsoe to represent himself on appeal, this Court will review that recommendation and issue further orders on reinstatement of this appeal.

---

[1]*See Iowa v. Tovar*, 541 U.S. 77, 89 (2004) (discussing the general admonishments a defendant must receive before being allowed to proceed pro se at trial); *see also Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988) (noting that, when considering self-representation on appeal, the record must also show that the appellant fully understands the practical disadvantages of self-representation, including the fact that he will not be granted any special considerations regarding or relief from the technicalities of the Texas Rules of Appellate Procedure solely because he elects to appear pro se).

The hearing in the trial court shall take place within twenty days of the date of this order. The reporter's record of the hearing shall be filed in the form of a supplemental reporter's record within twenty days of the date of the hearing. *See generally* TEX. R. APP. P. 38.8(b)(3). Any written findings shall be entered on the record and filed in the form of a supplemental clerk's record within twenty days of the date of the hearing. *See id*.

All appellate timetables are stayed and will resume on our receipt of the supplemental appellate record.

IT IS SO ORDERED.

BY THE COURT

Date: January 19, 2018