In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00137-CR

                                                ______________________________

 

 

                                          RICKIE YOUNG,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 114th
Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 114-2308-06

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

I.          Procedural History 

            Rickie
Young appeals from the revocation of his community supervision for possession
of a controlled substance.[1]  Young pled not true to all allegations that
he violated the terms of his community supervision. After hearing the evidence,
the trial court revoked Young’s community supervision and sentenced him to two
years’ confinement, a $5,000.00 fine, and $140.00 in restitution.

            Young
argues the trial court abused its discretion in (1) finding six of the nine
allegations true, (2) ordering payment of a $140.00 laboratory fee as
restitution, and (3) assessing a $5,000.00 fine when the evidence established
Young had paid part of the fine.  

II.        Standard of Review

            We
review a trial court’s decision to revoke community supervision under an abuse
of discretion standard and examine the evidence in the light most favorable to
the trial court’s order. Pierce v. State, 113 S.W.3d 431, 436 (Tex.
App.––Texarkana 2003, pet. ref’d).  In a
community supervision revocation hearing, the trial court is the sole trier of
fact.  Jones v. State, 787 S.W.2d
96, 97 (Tex. App.––Houston [1st Dist.] 1990, pet. ref’d).  The trial court also determines the
credibility of the witnesses and the weight to be given their testimony.  Id.  It may accept or reject any or all of the
witnesses’ testimony.  Mattias v. State, 731 S.W.2d 936, 940 (Tex.
Crim. App. 1987).

            We
conclude:  (1) the trial court did not
abuse its discretion in revoking community supervision, (2) Young failed to
timely appeal any error concerning restitution, and (3) the trial court erred
in assessing a $5,000.00 fine.  We modify
the trial court’s order revoking community supervision to reflect a fine of
$4,275.00.  We affirm the judgment of the
trial court as modified.  III.     Revocation
of Community Supervision

            Young
challenges six of the nine allegations made by the State in its amended motion
to revoke.  He argues that the trial
court erred in permitting the State to establish possession of cocaine with a
field test performed by a police officer and that the State failed to establish
the remaining nonfinancial allegations. 

            After
Young was placed on community supervision, the supervision was transferred to
the Dallas County Community Supervision Department.  One of the conditions of Young’s community
supervision was “[i]f supervision of your case is transferred from Smith
County, send completed, dated and signed mail-in reports to your Smith County
Supervision Officer by the 15th of each month.” 
The State alleged in the motion that Young had failed to comply with
this requirement.  Young’s Smith County
supervision officer testified that no mail-in reports were received by the
Smith County Department for the months of July, August, and September 2009 and
for the months of January, March, and April 2010.  On cross-examination, the supervision officer
clarified that the reports for these months were not timely received.  Young only sent in the reports after
telephone calls or personal contact by the Community Supervision
Department.  This evidence is sufficient
to prove Young violated one condition of his community supervision order.  

            A
trial court does not abuse its discretion to revoke a defendant’s community
supervision if the State presents sufficient evidence that the defendant
violated at least one term of the community supervision agreement as alleged in
the State’s motion to revoke.  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 21 (Vernon Supp. 2010) (State must prove every element of at least one ground
for revocation by preponderance of evidence); Moore v. State, 605 S.W.2d
924, 926 (Tex. Crim. App. [Panel Op.] 1980); In re T.R.S., 115 S.W.3d 318, 321 (Tex. App.––Texarkana
2003, no pet.).  It is not necessary for
this Court to consider Young’s remaining arguments.

            We
overrule the first point of error.

IV.       Young Failed to Timely
Appeal any Issue Concerning Restitution

            In
his second and third issues, Young argues the trial court erred in ordering
Young to pay $140.00 as restitution to the State of Texas.  Both Young and the State agree this award was
based on a laboratory fee.  Young argues
laboratory fees cannot be awarded as restitution when community supervision is
revoked.  In the alternative, Young
argues there is no evidence to support the restitution order.  

            The
trial court imposed the restitution order in
the original judgment finding that Young was guilty of possession of a
controlled substance and placing Young on community supervision.  Although the fine was partially probated, the
restitution order was not probated.  Young’s
conditions of community supervision specified that Young was obligated to pay
the full $140.00 of restitution on or before January 29, 2008.  

            It
is well established that issues related to the original conviction are not
generally cognizable on an appeal from the revocation of community
supervision.  Gossett v. State, 162 Tex. Crim. 52, 282 S.W.2d 59, 62 (1955); King v. State, 161 S.W.3d 264, 266 (Tex.
App.––Texarkana 2005, pet. ref’d); see
Manuel v. State, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999) (applying
general rule to deferred adjudication). 
Young does not allege that any exception to the general rule applies in
this case.  See Nix v. State, 65 S.W.3d 664, 667 (Tex. Crim. App. 2001); cf. Jordan v. State, 54 S.W.3d 783, 785
(Tex. Crim. App. 2001).  “An appeal from
an order revoking community supervision is limited to the propriety of the
revocation.”  Stafford v. State, 63 S.W.3d 502, 511 (Tex. App.––Texarkana 2001,
pet. ref’d).  The time for appeal begins
when the sentence is imposed or suspended in open court.[2]  Coffey
v. State, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998) (concluding fine which
had not been probated was properly included in judgment revoking
probation).  Any error in the restitution
order should have been appealed when Young was convicted and placed on
community supervision.  Young’s second
and third points of error are overruled.

V.        Assessment
of a $5,000.00 Fine

            In his final point of error, Young
complains that the trial court erred in signing a written judgment including a
$5,000.00 fine.  The trial court orally
pronounced the fine as “the balance of the $5,000 fine.”  

            “A
defendant’s sentence must be pronounced orally in his presence.”  Taylor v. State, 131 S.W.3d 497, 500
(Tex. Crim. App. 2004).  Where there is a
variation between the oral
pronouncement of sentence and the written judgment, the oral
pronouncement controls.  Thompson
v. State, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); Coffey, 979
S.W.2d at 328; see Ex parte Thompson, 273 S.W.3d 177, 178 n.3 (Tex.
Crim. App. 2008).  “The judgment, including the sentence
assessed, is just the written
declaration and embodiment of that oral
pronouncement.”  Taylor, 131 S.W.3d at 500.  Due process prohibits the trial court
from orally pronouncing a sentence and then later, without notice or hearing,
entering a written judgment imposing a harsher sentence.  Ex parte Madding, 70 S.W.3d 131, 136–37
(Tex. Crim. App. 2002).

            The
State concedes “the judgment of conviction incorrectly shows on its face that a
full $5,000 fine was assessed with no mention of paying the remaining balance.”  La’Mia Upshaw, Young’s Smith County supervision
officer, testified Young had been on community supervision for thirty-two
months.  Young was required to pay $25.00
a month on his fine.[3]  Upshaw testified Young was currently $75.00 delinquent
on his fine.[4]  Thus, based on the evidence presented at the
hearing, Young paid a total of $725.00 toward his fine.  We have the authority to modify the judgment
to make the record speak the truth when the matter has been called to our
attention by any source.  Tex. R. App. P. 43.2; French v.
State, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); Rhoten v. State,
299 S.W.3d 349, 356 (Tex. App.––Texarkana 2009, no pet.).  We modify the trial court’s judgment to
reflect a fine of $4,275.00.  

VI.       Conclusion

            The
trial court did not abuse its discretion in revoking Young’s community
supervision.  Any error concerning the
restitution order has not been timely appealed. 
The trial court erred in signing a written judgment assessing a $5,000.00
fine when the trial court’s oral pronouncement was the “balance of the $5,000”
fine.  We modify the judgment to reflect
a fine of $4,275.00, as the balance of the fine, and affirm as modified.

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          February
9, 2011

Date Decided:             March
2, 2011

 

Do Not Publish 

 

 

 

 

OPINION ON REHEARING

            Rickie
Young has filed a motion for rehearing challenging our conclusion that he failed
to timely appeal any error in the restitution award.  In the original judgment of conviction, Young
was ordered to pay restitution of $140.00 to the Texas Department of Public
Safety (TDPS).  Additionally, one of the
conditions of Young’s community supervision was that he “[p]ay restitution in
the total amount of $140 on or before January 29, 2008 . . . .”  After this revocation hearing, Young was again
ordered to pay restitution of $140.00 to the TDPS.  In his appellant’s brief, Young argued the
trial court erred in ordering him to pay $140.00 as restitution to the
TDPS.  According to Young, laboratory
fees cannot be awarded as restitution and the record failed to contain evidence
supporting such an award.  Young
requested that this Court either modify the judgment to delete the restitution
award or remand for “an evidentiary hearing to determine the proper amount of
restitution.”  The trial court imposed
the restitution order in the original judgment finding Young guilty of
possession of a controlled substance and placing Young on community
supervision.  The restitution order was
not probated.  In our opinion, we found
that Young had not timely appealed the restitution award.  We deny Young’s motion for rehearing with the
following comments.  

            In
his motion for rehearing, Young argues the error in the restitution award
occurred at the time of revocation. 
Young argues that “[a]t the time [he] was placed on probation, this
condition was valid.”  Young argues this
condition was valid because laboratory fees can be assessed as a condition of
community supervision.  See Tex.
Code Crim. Proc. Ann. art. 42.12, § 11(a)(19) (Vernon Supp. 2010).  Young argues that because the laboratory fee
was a valid condition of community supervision, the error occurred when the
trial court revoked his community supervision.[5]  While Article 42.12, Section 11 authorizes a
trial court to order a defendant to “[r]eimburse a law enforcement agency for
the analysis . . . of . . . controlled substances . . . seized in connection
with the offense,”[6]
the issue in this case is whether the trial court erred in ordering, after
revocation, that restitution, which had been previously assessed in the
original sentence, be paid.  If the laboratory
fee had been assessed only as a condition of community supervision, Young’s
argument might be correct.  Separate and
apart from the community service condition, Young was ordered to pay $140.00 as
restitution in the original judgment—not solely as a condition of community
supervision.  Because the laboratory fee
was awarded in the original judgment and not solely as a condition of community
supervision, any error[7]
in the judgment’s order of restitution should have been challenged by an appeal
from the original judgment.  See King
v. State, 161 S.W.3d 264, 266 (Tex. App.––Texarkana 2005, pet. ref’d).

            In
addition, Young argues an evidentiary sufficiency complaint cannot be waived by
failing to object in the trial court.[8]  However, issues related to the original
conviction, including the sufficiency of the evidence, are not generally
cognizable on an appeal from the revocation of community supervision.  See
id.; see also Manuel v. State, 994 S.W.2d 658, 661 (Tex. Crim. App.
1999).  The restitution award was imposed
by the trial court in the original conviction. 
The sufficiency of the evidence supporting that award is not an issue
which is cognizable in an appeal from a revocation hearing which occurred
several years later.  As we stated in our
original opinion, any error in the restitution order should have been appealed
when Young was convicted and placed on community supervision.  It is now too late to challenge the
restitution order.  

            Young’s
motion for rehearing is denied.

 

                                                                        Jack
Carter

                                                                        Justice

 

Date:   March
23, 2011

 

Do Not Publish











[1]This
case was transferred to this Court from the Tyler Court of Appeals as part of
the Texas Supreme Court’s docket equalization program.  We are not aware of any conflict between the
precedent of the Tyler Court and the precedent of this Court on any issue
relevant in this appeal.  See Tex.
R. App. P. 41.3.





[2]Further,
the Tyler Court of Appeals has held an error in a restitution order does not
result in an illegal sentence.  See Grindele
v. State, No. 12-06-00168-CR, 2007 Tex. App. LEXIS 5198 (Tex. App.––Tyler
June 29, 2007, pet. ref’d) (mem. op.). 
Because this case was transferred from the Tyler Court of Appeals, we
are obligated to decide the case in accordance with the precedent of the
transferor court.  Tex. R. App. P. 41.3.  The error, if any, did not result in an
illegal sentence.





[3]The
trial court suspended $4,000.00 of Young’s fine when Young was placed on
community supervision.  

 





[4]We
note that Young argued he was only one month behind on his payments because he
was in jail for the months of April and May. 
We also note that a number of Young’s payments were not made timely.





[5]Young
cites Carter v. State, No.
12-09-00105-CR, 2011 Tex. App. LEXIS 662 (Tex. App.––Tyler Jan. 31, 2011, pet.
filed) (mem op., not designated for publication), as authority that we can
review the restitution award.  Carter, though, is distinguishable from
this case because Carter was a direct
appeal, not an appeal from a revocation of community supervision.  Id.  

 





[6]See Tex.
Code Crim. Proc. Ann. art. 42.12, § 11(a)(19).   

 





[7]This
Court has agreed with the Austin and First District Courts of Appeals that laboratory
fees cannot be awarded as restitution.  See King v. State, No. 06-10-00120-CR,
2010 Tex. App. LEXIS 10058 (Tex. App.––Texarkana Dec. 21, 2010, no pet. h.)
(mem op., not designated for publication) (concluding laboratory fees could not
be awarded as restitution); see also
Aguilar v. State, 279 S.W.3d 350, 353 n.1 (Tex. App.––Austin 2007, no
pet.); Uresti v. State, 98 S.W.3d
321, 338 (Tex. App.––Houston [1st Dist.] 2003, no pet.).  In his motion for rehearing, Young cites a
memorandum opinion and several unpublished orders which reverse laboratory fees
awarded as restitution based on insufficient evidence.  See
Carter, 2011 Tex. App. LEXIS 662; Evans v. State, No. 12-10-00139-CR (Tex.
App.––Tyler Feb. 28, 2011, order) (not designated for publication); Carter v. State, No. 12-09-00105-CR
(Tex. App.––Tyler Dec. 22, 2010, order) (not designated for publication); Carter v. State, No. 12-09-00105-CR
(Tex. App.––Tyler Nov. 17, 2010, order) (not designated for publication).  Carter,
though, did not conclude laboratory fees cannot be assessed as
restitution.  Young has not directed this
Court to any Tyler cases that have expressed an opinion on whether laboratory
fees can be awarded as restitution.  See Jones v. State, No. 12-10-00001-CR,
2011 Tex. App. LEXIS 524 (Tex. App.––Tyler Jan. 26, 2011, no pet.) (mem. op.,
not designated for publication) (noting split of authority, but declining to
decide); Blanton v. State, No.
12-09-00448-CR, 2010 Tex. App. LEXIS 8721 (Tex. App.––Tyler Oct. 29, 2010, no
pet.) (mem. op., not designated for publication) (noting split of authority,
but declining to decide).  

 





[8]The Texas Court of Criminal Appeals has held
restitution awards must be supported by evidence in the record.  Cabla
v. State, 6 S.W.3d 543, 546 (Tex. Crim. App. 1999); see Mayer v. State, 309 S.W.3d 552, 557 (Tex. Crim. App.
2010).  Further, evidentiary sufficiency
issues are not required to be preserved for appellate review.  See
Moff v. State, 131 S.W.3d 485, 489 (Tex. Crim. App. 2004).